# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON,**<br>on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**NATIONAL STUDENT CLEARINGHOUSE,**<br><br>*Defendant.* | Civil Matter No. 1:19-CV-10749-FDS |

## FULL Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**You are entitled to compensation as a result of the settlement in the**
**class action lawsuit captioned:**

*James Robinson v. National Student Clearinghouse*
No. 1:19-cv-10749-FDS (D. Mass.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **DO NOTHING:** | If you do nothing, you will receive a settlement award and certain other benefits and will release any claim(s) that you have against National Student Clearinghouse ("NSC") related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will not receive a settlement award or other benefits, and you will not release any claims you have against NSC. |
| **OBJECT:** | You may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit, which James Robinson ("Robinson") filed against NSC. Please read this notice carefully. It explains the lawsuit, the settlement and your legal rights, including the process for receiving a settlement check and other benefits, excluding yourself from the settlement or objecting to the settlement.

**What is this lawsuit about?**

Robinson filed this lawsuit against NSC, alleging that NSC violated the federal Fair Credit Reporting Act ("FCRA") and certain, related state laws by charging more for a Degree Verification or Dates of Attendance service -- for the indicated purpose of "Verifying my own Record(s)" -- than allowed at the time by the FCRA (i.e., either $12 or $12.50). NSC denies any violations. The parties have agreed to a settlement.

2

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims.  All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Robinson, on the one hand, and NSC, on the other, have agreed to settle the lawsuit to avoid the time, risk and expense associated with it, and to achieve a final resolution of the disputed claims. Under the settlement, participating class members will obtain a payment in settlement of the claims raised in the lawsuit and also may order one self-verification from NSC at no cost. Robinson and his attorneys think the settlement is best for all class members.

### How do you know if your claims are included in the settlement?

> This settlement resolves claims on behalf of the following class: Those individuals who, from April 18, 2014 to August 9, 2019, ordered a Degree Verification or Dates of Attendance service from NSC for the indicated purpose of "Verifying my own Record(s)" and who paid NSC more for that service than allowed at the time by the Fair Credit Reporting Act.  Excluded from the Settlement Class are Class Counsel, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

Based on NSC's records, you are a member of the class.

### What does the settlement provide?

NSC will establish a settlement fund in the amount of approximately $1,956,000.  Out of the settlement fund, NSC will pay:

      a.    Settlement compensation to the class members;

      b.    An award of attorneys' fees, costs and expenses in an amount up to $750,000, subject to the Court's approval; and

      c.    A service award to Robinson in an amount up to $7,500, subject to the Court's approval.

NSC also will pay the cost of settlement notice and administration.  NSC further will limit the fee for the self-verification service going forward to $12.50, or to such amount as provided in the future by amendment to the FCRA, and will provide one self-verification to each class member, upon his or her request, at no cost.  Class Counsel estimates that the amount of each class member award will be approximately $_____.  Any remaining monies from uncashed settlement awards will be donated to _____.

**How can you get a payment?**

So long as you do not opt out of the settlement, you will receive a payment and the one free self-verification.

**When will you be paid?**

If the Court grants final approval of the settlement, settlement checks will be mailed to class members no later than 45 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

**What rights are you giving up in this settlement?**

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against NSC over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against NSC.

For more information on the release, released parties and released claims, you may obtain a copy of the class action settlement agreement from the settlement administrator, at _____, or on the settlement website, www.robinsonsettlement.com.

**How can you exclude yourself from the settlement?**

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment or the one free self-verification. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the settlement administrator, at the addresses set forth below, **postmarked by [date], 2020**. You must include in your request for exclusion your:

      a.      Full name;

      b.      Address; and

      c.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the <u>Robinson</u> action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of a power of attorney or other official document authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on [Month] [day], 2020, at [time]. The hearing will take place in the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, before the Honorable F. Dennis Saylor, IV. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether it should be granted final approval. The Court will also hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[date], 2020**, to Class Counsel, NSC's attorneys, and to the Court, at the following addresses:

Class Counsel:
Francis Mailman Soumilas, P.C.
James A. Francis
1600 Market Street, Suite 2510
Philadelphia, PA 19103

National Consumer Law Center
Stuart T. Rossman
7 Winthrop Square, 4th Floor
Boston, MA 02110

Justice Catalyst Law, Inc.
Brian James Shearer
81 Prospect Street
Brooklyn, NY 11201

NSC's Counsel:
Greenberg Traurig, LLP
Lisa M. Simonetti
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

Court:
U.S. District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

You must include in your objection your:

    a.    Full name;

    b.    Address;

    c.    A statement of the specific objection(s);

    d.    The grounds for the objection(s); and

    e.    A statement noting whether you intend to appear at the fairness hearing.

**By when must you enter an appearance?**

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2020**. To enter an appearance, you must file with the Clerk of the Court a written notice of

your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and NSC's attorneys, at the addresses set forth above.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

### Who are the attorneys for Robinson?

The attorneys are:

Stuart Rossman
Joanna Darcus
Persis S. Yu
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
Tel: (617) 542-8010
srossman@nclc.org
jdarcus@nclc.org
pyu@nclc.org

Benjamin David Elga
Brian James Shearer
JUSTICE CATALYST LAW
25 Broadway, 9th Floor
New York NY 10004
Tel: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

James A. Francis
John Soumilas
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

The Court has appointed these attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are NSC's attorneys?**

NSC's attorneys are:

>Greenberg Traurig, LLP
>Lisa M. Simonetti
>1840 Century Park East, Suite 1900
>Los Angeles, CA 90067
>simonettil@gtlaw.com

**Where can you get additional information?**

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the District of Massachusetts. In addition, pertinent case materials are available at the settlement web site, **www.robinsonsettlement.com**.

If you would like additional information about this matter, please contact:

**Robinson Settlement Administrator**
**[address]**
**[telephone]**

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither NSC nor NSC's attorneys represent you, and they cannot give you legal advice.