# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON,**<br>on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**NATIONAL STUDENT CLEARINGHOUSE,**<br><br>*Defendant.* | Civil Matter No. 1:19-CV-10749-FDS |

## NOTICE ORDER

WHEREAS, the above-referenced putative class action is pending in this Court (the "Action");

WHEREAS, plaintiff James Robinson ("Robinson") and defendant National Student Clearinghouse ("NSC") have agreed, subject to Court approval following notice to the proposed Settlement Class (as described herein) and a hearing, to settle the Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all persons in the Settlement Class.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and settlement appear fair, reasonable and adequate, and within the range of

reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

<u>Preliminary Approval of Proposed Settlement</u>. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the settlement to persons in the Settlement Class and a full hearing on the approval of the settlement.

<u>Class Certification for Settlement Purposes Only</u>. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> Those individuals who, from April 18, 2014 to August 9, 2019, ordered a Degree Verification or Dates of Attendance service from NSC for the indicated purpose of "Verifying my own Record(s)" and who paid NSC more for that service than allowed at the time by the Fair Credit Reporting Act. Excluded from the Settlement Class are Class Counsel, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

1. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

2. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

3. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

4. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

5. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

6. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

<u>Class Representative</u>. Robinson is designated as class representative for the Settlement Class.

<u>Class Counsel</u>. The Court appoints Stuart Rossman of the National Consumer Law Center, Brian Shearer of Justice Catalyst Law and James A. Francis of Francis Mailman Soumilas, P.C. as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

<u>Final Approval Hearing</u>. A final approval hearing (the "Final Approval Hearing") shall be held on July 7, 2020 at 10:00 a.m to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the Service Award to Robinson and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth below. The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance

with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

Class Notice.  Class Notice shall be sent within 60 days following entry of this Preliminary Approval Order.

1. E-Mail and Mail Notice.  The Settlement Administrator will provide individual E-Mail and/or Mail Notice pursuant to the Agreement to all persons in the Settlement Class, based on the records reasonably available to NSC.

2. Website Notice.  The Settlement Administrator will establish and maintain a Settlement Website using a domain name dedicated to the settlement on which will be posted the Website Notice and other settlement-related documents.  The E-Mail and Mail Notice shall direct recipients to the location of the Website Notice.  The Settlement Website will be established no later than 15 days following the date of this Order and shall remain active at least until the date of the Final Approval Hearing.

3. Telephone Number.  The Settlement Administrator will establish and maintain a toll-free telephone number that persons in the Settlement Class may call to receive more information regarding the Settlement.  The E-Mail and Mail Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established no later than 15 days following the date of this Order and shall remain active at least until the date of the Final Approval Hearing.

Findings Concerning Class Notice.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the settlement or exclude themselves from the Settlement Class.  The Court

further finds that the Notice Program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the notices in substantially the same forms as those attached as Exhibits A and C to the Agreement.

Administration. The Settlement Award distribution process described in the Agreement is hereby approved, along with the proposed prospective relief.

Exclusion from the Settlement Class.

1. Persons in the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator by May 6, 2020 (the "Opt-Out and Objection Deadline"). All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

2. Exclusion requests must: (i) be signed by the person in the Settlement Class who requests exclusion; (ii) include the full name and address and account number(s) of the person who requests exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Robinson action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with such person, may exclude any other person from the Settlement Class.

3. The Settlement Administrator will retain a copy of all requests for exclusion. Not later than June 5, 2020, the Settlement Administrator shall file a declaration with the Court that lists all of the opt-outs received.

Objections and Appearances.

1. Any Settlement Class Member may appear at the Final Approval Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses, and the Service Award to Robinson.

2. In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the parties and the clerk of this Court not later than May 6, 2020. Any objections that are not timely filed and mailed shall be forever barred. All objections must comply with the directives contained in the Agreement or will otherwise be invalid and barred. To the extent that a person submits both an objection and request for exclusion, the request for exclusion prevails and the person will be excluded from this Action.

3. In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court.

4. Settlement Class Members who do not object to the Settlement need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

Further Papers in Support of Settlement and Fee Application. By no later than 15 days before the Opt-Out and Objection Deadline, Class Counsel shall file the Fee Application. No later than 30 days after the Opt-Out and Objection Deadline, Class Counsel and/or NSC's Counsel shall file with the Court (i) any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement, and (ii) a list of persons in the Settlement Class who made timely and proper Exclusion Requests. By no later than 45 days after the Opt-

Out and Objection Deadline, any Settlement Class Members who filed a timely and valid objection shall file with the Court any reply papers in support of their objection.

Effect of Failure to Approve the Agreement. In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever and shall not be admissible in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of NSC for the matters alleged in the Action or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against NSC or Robinson on any point of fact or law.

Stay/Bar of Other Proceedings. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Robinson, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court other than a "State court," as used by 28 U.S.C. § 2283, arbitration forum or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

Entered: January 21, 2020

/s/ F. Dennis Saylor IV
Hon. F. Dennis Saylor IV
Chief Judge, United States District Court