| | |
|---|---|
| **JAMES ROBINSON, on behalf of himself and all others similarly situated,**<br><br>    *Plaintiff,*<br><br>       vs.<br><br>**NATIONAL STUDENT CLEARINGHOUSE,**<br><br>    *Defendant.* | No. 1:19-cv-10749-FDS |

**DECLARATION OF JAMES A. FRANCIS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF <u>FRANCIS MAILMAN SOUMILAS, P.C.</u>**

I, James A. Francis, declare as follows:

A. <u>**INTRODUCTION**</u>

1. I am a founding shareholder of the firm of Francis Mailman Soumilas, P.C. ("FMS"). I submit this Declaration in support of the firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation against Defendant National Student Clearinghouse.

2. FMS, along with the National Consumer Law Center ("NCLC") and Justice Catalyst Law ("JCL"), represented Plaintiff James Robinson in this matter.

3. This Declaration describes the history and experience of FMS and the work undertaken by the firm in connection with this litigation and summarizes the work done by each attorney and paralegal who was involved in the litigation.

## B. <u>FMS EXPERIENCE AND QUALIFICATIONS</u>

4.     Francis Mailman Soumilas, P.C. (formerly Francis & Mailman, P.C.) was founded in 1998 and has concentrated its practice in consumer protection litigation ever since.  The firm has a particular emphasis in Fair Credit Reporting Act ("FCRA") litigation and consumer class actions.  The firm has been recognized for its expertise in FCRA litigation and the high caliber of its work.  *See White v. Equifax Info. Solutions*, No. 05-01070, 2014 WL 1716154, at \*13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v. Equifax Info. Sol'ns., Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (finding the firm "FCRA specialists" and appointing firm and its team as interim class counsel over objections from a competing national law firm (Boies Schiller) because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (Beeler, J.) (noting counsel have "extensive experience in litigating [FCRA cases] . . . have represented consumer classes in many cases in many districts . . . [and] have shown their proficiency in this case[.]"); *Larson v. Trans Union, LLC*, C.A. 12-cv-05726, 2015 WL 3945052, at \*12 (N.D. Cal. June 26, 2015) (appointing firm as class counsel); *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation.").

5.     In 2015, I was ranked one of the Top 100 attorneys in Pennsylvania in *Philadelphia Magazine* and *Pennsylvania Super Lawyers*, a distinction I have been awarded five times.  I have been regularly ranked one of the Top 100 Superlawyers in Philadelphia since 2004.  In October of 2014, I was selected as one of a small group of nationally recognized plaintiffs' lawyers and featured in *Law 360's* "Titans of the Plaintiff's Bar" series.

6.     In recognition of my commitment to consumer justice, I was presented with the *Equal Justice Award* in 2014 by Community Legal Services of Philadelphia in 2014.

7.     I currently serve on the Board of Directors of the National Association of Consumer Advocates.

8.     As detailed in the firm's biography, attached hereto as **Exhibit 1**, I regularly lecture and serve as faculty on continuing legal education programs focused on FCRA litigation and consumer class actions for both the plaintiff's and defense bar, and I have published articles on the subject. I have appeared on various news programs including the *Today Show* and *PBS NewsHour* to discuss consumer-related issues and was featured in *The Philadelphia Inquirer*'s biographical "Question & Answer" segment in February of 2009.

9.     FMS has litigated hundreds of FCRA cases, primarily in federal courts throughout the country, including trials of a number of individual FCRA cases and class actions, and has obtained the highest FCRA jury verdict in Pennsylvania. *See, e.g., Cortez v. Trans Union, LLC*, 2008 WL 19442160 (E.D. Pa. May 1, 2008), *aff'd* 617 F.3d 688 (3d Cir. 2010). I argued *Cortez* before the United States Court of Appeals for the Third Circuit.

10.    Most recently, in *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280 (N.D. Cal. Nov. 7, 2017), FMS obtained a jury verdict in a FCRA case against Trans Union where the jury awarded statutory damages of $984.22 and punitive damages of $6,353.08 for each of 8,185 class members. The total verdict exceeded $60 million, which is believed to be the largest FCRA verdict ever obtained. I argued *Ramirez* before the United States Court of Appeals for the Ninth Circuit, which upheld the jury's findings of liability, Article III standing for absent class members, and remitted punitive damages to approximately $4,000 per class member. *Ramirez v. TransUnion, LLC*, 951 F.3d 1008 (9th Cir. 2020).

## C.   THE *ROBINSON* LITIGATION

11.    My firm was instrumental in many aspects of this litigation from its inception through settlement, including:

a.    Investigating the background of the case, meeting with Plaintiff and evaluating the merits of claims under federal and Massachusetts state law against Defendant National Student Clearinghouse;

b.    Drafting the Complaint and framing the allegations therein;

c.    Communications with Defendant's counsel regarding informal discovery in preparation for mediation proceedings;

d.    Working with co-counsel to prepare for and attend mediation before Judge Diane Welsh (Ret.) of JAMS;

e.    Extensive negotiations with Defendant's counsel regarding the drafting of the Settlement Agreement;

f.    Preparing the consent Motion for an Order Directing Notice to the Class;

g.    Preparing and coordinating with other Plaintiff counsel in drafting and presenting the Petition for Attorneys' Fees and Reimbursement of Expenses;

h.    Working with co-counsel on future tasks after the filing of the Petition to carry this settlement to fruition, including but not limited to working with the settlement administrator, overseeing the notice program, handling inquiries from class members, preparing a motion for final approval and attending any hearing, in person or by telephone, scheduled by the court to determine the fairness of the settlement; and,

i.    Following final approval, continued working with the settlement administrator, overseeing the distribution of settlement benefits to class members and

fielding inquiries from class members.

## D. **FMS HOURLY RATES**

12.    The hourly rate charged by me is $700, for David A. Searles is $725, for John Soumilas is $700, for Lauren KW Brennan is $465, for Jordan M. Sartell is $465, and for the firm's paralegals is $220.

13.    These hourly rates are based upon the regular current rates charged to clients who retain FMS, adjusted to reflect differences between the Boston and Philadelphia legal markets, as follows:

   a.    My standard hourly rate is $605; for Mr. Searles $725; for Mr. Soumilas, $495; for Ms. Brennan, $225; for Mr. Sartell $225; and, for paralegals, $180.  These rates are reasonable and within the range of the Philadelphia market rates charged for litigation of a similar nature, given attorney experience level, practice concentration, and background.  *See* February 27, 2017 expert report of Abraham C. Reich, Esquire, Partner/Chair Emeritus for the law firm of Fox Rothschild, LLP, attached hereto as **Exhibit 2** (setting forth basis for FMS attorneys and staff in Philadelphia legal marketplace).  FMS's standard hourly rates have been set following consultation with independent outside counsel Mr. Reich for several years, independently from this or any other class action case.  The firm routinely submits an expert report by Mr. Reich regarding its standard hourly rates in support of fee petitions and courts across the country have relied upon Mr. Reich's expert opinion to approve FMS's hourly rates.[1]

---

[1]    *Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (affirming fee award approving hourly rates); *Thomas v. Equifax Information Services, LLC*, No. 3:18-cv-00684-MHL, ECF 55 (E.D. Va. Sep. 13, 2019) (approving hourly rates based upon Reich report); *Kelly v. Business Information Group, Inc*., 2019 WL 414915, * 20 (E.D. Pa. Feb. 1, 2019) (approving hourly rates and relying on Mr. Reich's expert opinion); *Clark v. Experian Info. Solutions, Inc.*, No. 3:16-cv-

b.     The difference in these rates is based on the information contained in the accompanying Declaration of Stuart T. Rossman Submitted in Support of Plaintiff's Fee Petition on Behalf of the National Consumer Law Center.  Mr. Rossman's Declaration reviews the data that supports NCLC's hourly rates as based on the standard rates charged in the Boston legal community by private practice consumer advocates with comparable experience and recognized competence in consumer class actions.  Rossman Dec. ¶ 19. Mr. Rossman also reviewed data from the Laffey Matrix, as updated by the Consumer Price Index, as well as a national consumer law attorney fee survey.  *Id*.  This indicates that the legal market in Philadelphia supports rates consistent with the NCLC rates, and the FMS attorneys and paralegals working on this litigation have therefore adjusted their rates to reflect this difference.

## E.     **FMS LODESTAR**

14.     Along with the attorneys working on this case, I was in charge of staffing the case with appropriate, experienced counsel and support staff working at FMS and supervising their

---

00032-MHL, ECF 150 (E.D. Va. Feb. 1, 2019) (approving hourly rates based upon Reich report); *Clark v. Trans Union, LLC*, No. 3:15-cv-00391-MHL, ECF 273 (E.D. Va. Aug. 29, 2018) (same); *Henderson v. CoreLogic Nat'l Background Data, LLC*, No. 3:12-cv-97, 2018 WL 1558556, at *5 (E.D. Va. Mar. 22, 2018) (approving same hourly rates requested here based upon same expert report); *Patel v. Trans Union, LLC*, No. 14-cv-00522-LB, 2018 WL 1258194, at *7 (N.D. Cal. Mar. 11, 2018) (approving requested hourly rates enhanced to reflect San Francisco legal market); *Stokes v. RealPage, Inc.*, C.A. No. 15-1520 (E.D. Pa. Feb. 6, 2018) (ECF 65) (approving requested hourly rates); *Flores v. Express Services Inc.*, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 29, 2017) (approving hourly rates and granting multiplier of 4.6); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (C.D. Cal. Mar. 15, 2017) (ECF 69) (granting firm's fee petition in full); *Blandina v. Midland Funding, LLC,* 2016 WL 3101270, *7-8 (E.D. Pa. 2016) (approving hourly rates and granting fee request in full); *Giddiens v. Infinity Staffing Solutions, Inc.*, No. 2:13-cv-7115 (E.D. Pa. Jan. 12, 2016) (ECF 36) (same); *Sholinsky v. Frost-Arnett Company*, No. 1:14-cv-7889 (D. N.J. Jan. 19, 2016) (ECF 33) (same); *Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa. Jan. 20, 2015) (ECF 56) (granting same); *Sapp v. Equifax Information Solutions, Inc.,* 2013 WL 2130956, at *2-3 (E.D. Pa. 2013) (approving fee petition in full); *Baker v. International Bank,* C.A. No. 08-5668 (D. N.J. Feb. 28, 2013) (ECF 110) (approving firm's fee petition in full); *Chakejian v. Equifax Information Services, LLC,* 275 F.R.D. 201, 216, n.19-20 (E.D. Pa. 2011) (adopting expert opinion testimony of Abraham Reich, Esq.).

work. Consistent with the firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing. Time expended which has been considered duplicative or redundant has been eliminated. Time expended in preparing this application for fees and reimbursement of expenses has been included in this request and anticipated time going forward has been estimated and included as well.

15. The lodestar of the firm for work performed with respect to this case is as follows:

|  | **HOURLY RATE** | **HOURS** | **FEES** |
|---|---|---|---|
| James A. Francis | $700.00 | 119.7 | $83,790.00 |
| David A. Searles | $725.00 | 51.6 | $37,410.00 |
| John Soumilas | $700.00 | 58.9 | $41,230.00 |
| Lauren KW Brennan | $465.00 | .9 | $418.50 |
| Jordan M. Sartell | $465.00 | 89.3 | $41,524.50 |
| Paralegals | $220.00 | 28.8 | $6,336.00 |
| **TOTAL** |  | **349.2** | **$210,709.00** |

16. My firm's lodestar figure is based upon the adjusted billing rates described above, which do not include charges for costs or expense items. Litigation costs and expenses are billed separately and such charges are not duplicated in my firm's billing records or rates.

17. As detailed in **Exhibit 3**, my firm has incurred a total of $6,659.62 in unreimbursed costs and expenses in connection with the prosecution of this litigation. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses and costs in the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  April 21, 2020          */s/ James A. Francis*
                                        JAMES A. FRANCIS
                                        Attorney for Plaintiff James Robinson

Exhibit 1

**FRANCIS MAILMAN SOUMILAS, P.C.** is a law firm located in center city Philadelphia, Pennsylvania that concentrates in consumer protection litigation. Founded in 1998, the firm's goal is to provide exceptional advocacy to consumers subjected to unfair business, industry and trade practices. The firm represents consumers in individual actions, as well as through class action lawsuits, in the areas of unlawful consumer credit reporting, employment background screening, fair debt collection, unlawful robo calls, unfair and deceptive trade practices litigation, and other consumer matters.

FMS is one of the preeminent consumer litigation firms in the country. In June of 2017, the firm obtained a record $60 million dollar jury verdict in a class action brought under the Fair Credit Reporting Act. The firm has been certified to serve as class counsel in over 50 class actions nationally, and has helped obtain groundbreaking legal rulings and decisions at both the trial court and appellate court levels. The firm has also served as counsel in some of the largest class action settlements in history. Due to the quality of its trial and appellate advocacy, FMS has been recognized by courts throughout the country for the high caliber of its work and its expertise. *White v. Experian Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014) (finding Francis Mailman Soumilas "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing national law firm because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation.")

## JAMES A. FRANCIS

JIM FRANCIS has been admitted to practice before the United States Court of Appeals for the Third, Fourth and Ninth Circuits, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, as well as the Pennsylvania and New Jersey state courts. He is a 1992 graduate of Muhlenberg College (B.A., *cum laude*) and a 1995 graduate of the Temple University Beasley School of Law. In law school, he won the 1995 Wapner, Newman & Wigrizer, P.C. award for excellence in civil trial advocacy, was awarded outstanding oral advocacy and served as President of the Student Bar Association. Following law school, Mr. Francis was associated with Kolsby, Gordon, Robin, Shore & Rothweiler in Philadelphia. Since 1998, he has focused his practice in consumer protection litigation, with a particular concentration in fair credit reporting, fair debt collection practices and consumer class actions.

In 2004, Mr. Francis was the youngest lawyer to be ranked in the Top 100 Superlawyers in the Commonwealth of Pennsylvania in *Philadelphia Magazine* and *Pennsylvania Super Lawyers* magazine. He was subsequently ranked a Top 100 Pennsylvania Superlawyer in 2008, 2012, and 2014, and has been regularly ranked one of the Top 100 Superlawyers in Philadelphia since 2004.

In 2017, Mr. Francis served as trial counsel in a $60 million dollar class action jury verdict, which is the largest verdict in history for a case brought under the Fair Credit Reporting Act. In

2009, Mr. Francis argued the seminal FCRA case of *Cortez v. Trans Union* before the Third Circuit Court of Appeals. He lectures and speaks extensively on the FCRA for continuing legal education seminars, law schools and community groups, and has published articles on the FCRA. He has appeared on various news programs including the *Today Show* and *PBS NewsHour* to discuss consumer-related issues, and was featured in *The Philadelphia Inquirer*'s biographical "Question & Answer" segment in February of 2009. He has been certified to serve as class counsel in over 50 consumer class actions, has been trial counsel in three class actions to successful plaintiff's verdicts, and has served as counsel in some of the largest FCRA settlements in history.

In May of 2014, Mr. Francis was awarded the Community Legal Services of Philadelphia's *Equal Justice Award* at its annual Breakfast of Champions. He was also selected as one of a small national group of plaintiffs' lawyers to be featured in Law 360's *Titans of the Plaintiff's Bar* series in October of 2014. He currently serves on the Board of Directors of the National Association of Consumer Advocates (NACA).

## CLASS COUNSEL CERTIFICATIONS

*Ridenour v. Multi-Color Corporation,* C.A. No. 2:15-cv-00041, (E.D. Va., Jan. 13, 2017)

*Flores v. Express Personnel*, C.A. No. 14-cv-03298, (E.D. Pa. Oct. 21, 2016)

*Larson v. Trans Union, LLC*, C.A. No. 12-cv-05726, (N.D. CA, Aug. 11, 2016)

*Miller v. Trans Union, LLC*, C.A. No. 12-cv-1715, (M.D. PA, Dec. 26, 2016)

*Henderson v. Trans Union, LLC*, C.A. No. 14-cv-00679, E.D. Va., May 3, 2016)

*Pawlowski v. United Tranzactions, LLC*, C.A. no. 15-cv-2330, (E.D. PA, April 18, 2016)

*Giddiens v. Infinity Staffing,* C.A. No. 13-cv-07115, (E.D. Pa., Jan. 12, 2016)

*Giddiens v. First Advantage*, C.A. No. 14-cv-5105, (E.D. Pa., July 11, 2015)

*Jones v. Halstead Management Corporation,* C.A. No. 14-cv-03125 (S.D. N.Y., May 5, 2016)

*Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 3:11-cv-754, 2014 WL 4403524 (E.D. Va. Sept. 5, 2014)

*Thomas v. BackgroundChecks.com,* C.A. No. 13-029 2015 WL 11004870 (E.D. Va. Aug. 5, 2015)

*Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)

*Magallon v. Robert Half International, Inc.* WL 8778398 (D. Or. Nov. 10, 2015)

*Patel v. Trans Union, LLC,* 308 F.R.D. 292 (N.D. Cal, 2014)

*Goode v. First Advantage LNS Screening Solutions, Inc*., C.A. No. 11-cv-02950 (E.D. Pa. Dec. 29, 2014)

*Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014)

*King v. General Information Services, Inc*., C.A. No. 11-06850 (E.D. Pa. Nov. 4, 2014)

*Robinson v. General Information Services, Inc*., C.A. No. 11-07782 (E.D. Pa. Nov. 4, 2014)

*Ramirez v. Trans Union, LLC*, 2014 WL 3734525 (N.D. Cal. July 24, 2014)

*White v. Experian Information Solutions,* 993 F. Supp. 2d 1154, 1172 (C.D. Ca. 2014)

*Sapp v. Experian Information Solutions, Inc.,* 2:10-04312 (E.D. Pa. Jan. 29, 2013)

*LaRocque v. TRS Recovery Services, Inc*., 2012 WL 291191 (D. Me. July 17, 2012)

*Ryals et al. v. Hireright Solutions, Inc.,* C.A. No. 3:09-625 (E.D. Va. July 7, 2011)

*Serrano v. Sterling Testing Systems, Inc.,* 711 F. Supp. 2d 402 (E.D. Pa. 2010)

*Summerfield v. Equifax Information Services, LCC,* 264 F.R.D. 133 (D. N.J. 2009)

*Chakejian v. Equifax Information Services, LLC,* 256 F.R.D. 492 (E.D. Pa. 2009)

*Jones v. Midland Funding, LLC,* C.A. No. 3:08-802 (RNC) (D. Conn. October 13, 2009)

*Barel v. Bank of America,* 255 F.R.D. 393 (E.D. Pa. 2009)

*Mann v. Verizon,* C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008)

*Smith v. Grayling Corp.,* 2008 WL 3861286, C.A. No. 07-1905 (E.D. Pa. 2008)

*Strausser v. ACB Receivables Management, Inc.,* 2008 WL 859224 (E.D. Pa. March 28, 2008)

*Nienaber v. Citibank (South Dakota), N.A.,* 2007 WL 2003761 (D.S.D. July 5, 2007)

*Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132, (E.D. Pa. 2006)

*Marino v. UDR,* 2006 WL 1687026, C.A. No. 05-2268 (E.D. Pa. June 14, 2006)

*Seawell v. Universal Fidelity Corp,* 235 F.R.D. 64 (E.D. Pa. 2006)

*Perry v. FleetBoston Financial Corp.,* 229 F.R.D.105 (E.D. Pa. 2005)

*Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. 2005)

*Beck v. Maximus,* 457 F. 3d 291, 2006 WL 2193603 (3d Cir. Aug. 4, 2006)

*Stoner v. CBA Information Services,* 352 F. Supp. 2d 549 (E.D. Pa. 2005)

*Bittner v. Trans Union, LLC,* C.A. No. 04-2562 (E.D. Pa. January 4, 2005)

*Wisneski v. Nationwide Collections, Inc.,* 227 F.R.D. 259 (E.D. Pa. 2004)

*Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303 (D. Conn. 2004)

*Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691 (E.D. Pa 2004)

*Bonett v. Education Debt Services, Inc.,* 2003 WL 21658267 (E.D. Pa. 2003)

*Gaumer v. The Bon-Ton Stores,* C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003)

*Street v. Portfolio Recovery Associates,* C.A. No. 01-3684 (E.D. Pa. July 30, 2003)

*Samuel-Bassett v. Kia Motors America, Inc.,* 212 F.R.D. 271 (E.D. Pa. 2000)

*Oslan v. Law Offices of Mitchell N. Kay,* 232 F. Supp. 2d 436 (E.D. Pa. 2002)

*Oslan v. Collection Bureau of Hudson Valley,* 206 F.R.D. 109 (E.D. Pa. 2002)

*Saunders v. Berks Credit & Collections,* 2002 WL 1497374 (E.D. Pa. 2002)

*Schilling v. Let's Talk Cellular and Wireless,* 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002)

*Fry v. Hayt, Hayt and Landau,* 198 F.R.D. 461 (E.D. Pa. 2000)

*Smith v. First Union Mortgage Corporation,* 1999 WL 509967 (E.D. Pa. 1999)

*Miller v. Inovision,* December Term, 1999, No. 3504 (C.P. Phila. County).

## NOTABLE CASES

- *Ramirez v. Trans Union, LLC*—served as trial counsel in record $60 million jury verdict, highest verdict in FCRA history.

- *In Re: TRS Recovery Services, Inc. And Telecheck Services, Inc.*, Fair Debt Collection Practices Act (FDCPA Litigation)- Served as Class Counsel in a national FDCPA class

action and obtained a 3.4-million-dollar settlement against one of the nation's largest check history consumer reporting agencies.

- *Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) -- Appointed class counsel in national FCRA class action that obtained a $13.5-million-dollar settlement against Lexis/Nexis, one of the largest information providers in the world, along with a groundbreaking injunctive relief settlement on behalf of 200 million Americans in which LexisNexis agreed to bring its Accurint product into FCRA compliance.

- *Thomas v. BackgroundChecks.com*, C.A. No. 13-029 (E.D. Va. Aug. 11, 2015) –Appointed class counsel in an FCRA national class action which obtained $18 million against another of the largest background screening companies in the world, and also obtained significant injunctive and remedial relief.

- *Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)- Appointed class counsel in a national FCRA class action which obtained a $20.8 million settlement against one of the largest data sellers and background screening companies in the world.

- *Ryals et al. v. Hireright Solutions, Inc.*, C.A. No. 3:09cv625 (E.D. Va. Dec. 22, 2011) – $28.3 million national settlement achieved for class of consumers subjected to employment background checks in case brought under Fair Credit Reporting Act (FCRA); believed to be the third largest FCRA settlement in history.

- *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d. Cir. 2010) – argued precedential case of first impression before the U.S. Court of Appeals for the Third Circuit which outlines the liability, causation and damages standards for FCRA cases against credit reporting agencies; $800,000 jury verdict against Trans Union in fair credit reporting case (remitted to $150,000).

- *Little v. Kia Motors America, Inc.,* 2003 WL 25568765 (N.J. Super. L. 2003) – $6 million (approximate) verdict for class of New Jersey car purchasers.

- *Samuel-Bassett v. Kia Motors America, Inc.,* __ A.3d __, 2011 WL 60559098 (Pa. 2011), C.P. Phila. County, January Term, 2001, No. 2199 – $5.6 million verdict for class of Pennsylvania car purchasers, plus award of attorney's fees.

- *Serrano v. Sterling Testing Systems, Inc.*, __ F. Supp. 2d __, 2008 WL 2223007 (E.D. Pa. May 30, 2008) – federal court finding as a matter of first impression what defines a record of arrest under the FCRA.

- *Ziegenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 400 (E.D. Pa. 2006) – obtained court decision holding that offers of judgment under Rule 68 of the Federal Rules of Civil Procedure cannot be used in class actions.

- *Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005) – obtained $772,500 settlement for class of consumers who disputed errors in their credit reports.

- *Richburg v. Palisades Collection, LLC*, 247 F.R.D. 457 (E.D. Pa. 2008);  federal court ruled that actions to collect delinquent credit card debt in Pennsylvania subject to 4 year statute of limitations (not 6 as the defendant collection agency had argued).

- *Perry v. FleetBoston Financial Corp.*, 2004 WL 1508518 (E.D. Pa. 2004) – defeated motion to compel arbitration in class action brought under Fair Credit Reporting Act.

4

- *Crane v. Trans Union, LLC,* 282 F. Supp. 2d 311 (E.D. Pa. 2003) – federal court held that credit reporting agencies that merely parrot information from credit furnishers and fail to forward dispute documentation face claims for punitive damages under the Fair Credit Reporting Act; violation of the Fair Credit Reporting Act presents a violation of Pennsylvania's Consumer Protection Law).

- *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582 (E.D. Pa. 2003) (same).

- *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004) – obtained class certification in Fair Debt Collection Practices action in which a Pennsylvania federal court held for the first time that statutory net worth limitation is not limited to balance sheet net worth, and includes equity, capital stock and goodwill.

- *Evantash v. G.E. Capital Mortgage Services, Inc.*, 2003 WL 22844198 (E.D. Pa. 2003) – federal court held that technical accuracy defense was not available to defendants under the Fair Credit Reporting Act.

- *Sheffer v. Experian Information Solutions, Inc.*, 2003 WL 21710573 (E.D. Pa. 2003) – federal court held that Fair Credit Reporting Act permits as recoverable damage emotional distress in trying to correct errors in a consumer's credit file, even where no pecuniary or out-of-pocket losses.

- *Sheffer v. Experian Information Solutions Inc.,* 249 F. Supp. 2d 560 (E.D. Pa. 2003) – federal court held that FCRA provides a private right of action against furnishers of information.

- *Sullivan v. Equifax, Inc. et al.*, 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. 2002) – federal court held that reporting a debt to a credit reporting agency is a communication covered by the Fair Debt Collection Practices Act.

- *Wenrich v. Cole*, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. 2000) – federal court held that FDCPA provides protection for all persons, not just consumers.

- *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001) – federal court held that single publication rule does not apply to actions brought for violation of the Fair Credit Reporting Act.

# LECTURES/PRESENTATIONS BY INVITATION

Faculty, 21st Annual Consumer Financial Services Litigation Institute (CLE-accredited), "Fair Credit Reporting and Debt Collection Litigation", March and April 2016, NYC and Chicago;

Speaker, The Conference on Consumer Finance Law, Annual Consumer Financial Services Conference, Loyola University School of Law, Chicago, Illinois, September 16, 2016

Speaker, "New Frontiers: FCRA Litigation Against Lesser Known CRAs", Consumer Rights Litigation Conference, National Consumer Law Center, Anaheim, California, October 2016

Faculty, "Pursuing and Defending FDCPA, FCRA and TCPA Claims", Consumer Finance Class Actions, Strafford Publications, June 2, 2016

Speaker, "Stump the Champs", Consumer Rights Litigation Conference, National Consumer Law Center, San Antonio, Texas, October 2015

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Las Vegas, NV May 1–3, 2015.

Co-Chair and Speaker, NACA 2013 FCRA Conference, National Association of Consumer Advocates, May 29 – June 1, 2013;

Presenter, *Beyond E-Oscar: Litigating "Non-Credit" FCRA Cases*, Webinar, National Association of Consumer Advocates, February 27, 2013;

Faculty, *FDCPA Class Actions: Latest Litigation Developments*, Strafford Webinars and Publications, November 8, 2012;

Speaker, Consumer Finance Class Actions: *FCRA and FACTA: Leveraging New Developments in Certification, Damages and Preemption*, Strafford Webinars and Publications, March 21, 2012;

Speaker, *FCRA Developments*, Consumer Rights Litigation Conference, National Consumer Law Center, Seattle, Washington, October 2012;

Speaker, *11th Consumer Class Action Symposium*, National Consumer Law Center, Chicago, Illinois, November 6, 2011;

Speaker, *Tenant, Employment and Chexsystems Reports*, Consumer Rights Litigation Conference, National Consumer Law Center, Chicago, Illinois, November 3 – 6, 2011;

Speaker, *Specialty Consumer Reports and the FCRA*, FCRA Conference on Consumer Credit, National Association of Consumer Advocates, Memphis, Tennessee, May 20 – 22, 2011;

Panelist, *Taking on the Challenges Facing Workers with Criminal Records: Advancing the Legal and Policy Advocacy Agenda*, National Employment Law Project, Washington, D.C., April 5, 2011;

Faculty, 16th Annual Consumer Financial Services Litigation Institute (CLE-accredited), *Collection Issues Including The TCPA & Hot Topics*, Practicing Law Institute, New York, NY and Chicago, IL, March 2011,

Speaker, *ABCs of Fair Credit Reporting*, *Tips on FCRA Depositions*, *Evolution of Credit Reporting Industries*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, Massachusetts, November 11 – 14, 2010;

Faculty, Banking and Consumer Financial Services Law Update, *Litigation and Arbitration Update*, Pennsylvania Bar Institute, April 14, 2010;

Faculty, *Deposit-Side Litigation Developments & Credit Card Developments*, 14th Annual Consumer Financial Services Litigation Institute, New York, NY and Chicago, IL, March and April 2009;

Faculty, 13th Annual Consumer Financial Services Litigation Institute (CLE-accredited), Practicing Law Institute, New York, NY and Chicago, IL, January 2008, March 2008;

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Chicago, IL May 8 – 10, 2009;

Faculty, 12th Annual Consumer Financial Services Litigation Institute (CLE-accredited), Practicing Law Institute, New York, NY, March 2007;

Faculty, *Fair Credit Reporting Litigation*, Consumer Protection Law (CLE-accredited), Pennsylvania Bar Institute, Philadelphia, PA and Mechanicsburg, PA, December 2004, March 2007;

Speaker, *Litigating Accuracy Issues with Furnishers of Credit Data*, National Association of Consumer Advocates, New Orleans, LA, June 2 – 5, 2005;

Speaker, <u>Philadelphia Housing Expo</u>, Homeownership Counseling Association of the Delaware Valley, 2005 and 2006;

Speaker, *Understanding Credit Scoring*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, MA, November 7, 2004;

Speaker, *Litigating Accuracy Issues With Credit Reporting Agencies*, National Association of Consumer Advocates, Chicago, Ill., May 14 – 16, 2004;

Speaker, *Protecting Privacy, Ensuring Accuracy*, National Association of Consumer Advocates, Albuquerque, NM, June 1, 2002;

Faculty/Speaker, *Credit Reporting and Debt Collection Litigation*, Municipal Court Judicial Conference (CLE), Pennsylvania, PA, May 6, 1999;

Speaker, <u>The People's Law School</u>, Philadelphia Bar Association, Philadelphia, PA, October 2004;

Guest Lecturer, Consumer Protection Law, Temple Law School, 2003 – 2012;

Guest Lecturer, Consumer Protection Law, Widener Law School, 2004 – 2009.

## PUBLICATIONS

*The FCRA: A Double-Edged Sword for Consumer Data Sellers*,
     <u>GP SOLO Magazine,</u> American Bar Association, Volume 29, Number 6,
     November/December 2012
*Credit Rating Damage: Compensable, Yet Overlooked Damage in Tort Cases*,
     <u>The Verdict</u>, Philadelphia Trial Lawyers Association, Volume 2008-2009, Issue 6 (2009).

## COMMITTEE APPOINTMENTS AND POSITIONS

     Mr. Francis currently serves as co-chair on the National Association of Consumer Advocates Fair Debt Collection and Credit Reporting Legislative Issue Committee. He has served on the Editorial Board of the Consumer Financial Services Law Report, the Philadelphia Bar Association's Lawyer Referral and Information Service Committee (where he served as chair or co-chair for 3 years), and has served on the Philadelphia Bar Association's Federal Court's Committee. He has served as an arbitrator for the Court of Common Pleas of Philadelphia County and is on the Judge Pro Tem panel. He is a member of the Philadelphia Bar Association, Pennsylvania Trial Lawyers Association, Philadelphia Trial Lawyers Association, and National Association of Consumer Advocates.

# MARK D. MAILMAN

MARK MAILMAN is admitted to practice before the United States for the Eastern District of Pennsylvania and District of New Jersey as well as the state courts of Pennsylvania and New Jersey. He is a graduate of Muhlenberg College (B.A. *magna cum laude*, 1991) when he was also inducted into Phi Beta Kappa. Mr. Mailman received his law degree from the Temple University School of Law (J.D. 1995). While at Temple Law School, he achieved the highest grade in his Trial Advocacy clinic.

Throughout law school, Mr. Mailman interned at the Philadelphia District Attorney's Office where he tried cases and argued motions in the areas of domestic violence and sexual assault. Following graduation from law school, Mr. Mailman was an attorney with the law firm of Hwang & Associates where his practice focused on Lemon Law litigation. In 1996, Mr. Mailman was associated with the law firm of Fellheimer, Eichen, Bravermen & Kaskey where his practice focused on complex commercial litigation including creditor's rights. He has been certified to serve as class counsel by state and federal courts in both contested and settlement class actions.

In October 2018, Mr. Mailman was awarded the 2018 Consumer Attorney of the Year award from the National Association of Consumer Advocates (NACA). NACA is a nationwide organization of more than 1,500 consumer attorneys and advocates who represent the victims of abusive and fraudulent business practices.

## CLASS COUNSEL CERTIFICATIONS

*Serrano v. Sterling Testing Systems, Inc.,* 711 F. Supp. 2d 402 (E.D. Pa. 2010)

*Summerfield v. Equifax Information Services, LCC*, 2009 WL 3234191 (D.N.J. Sept. 30, 2009)

*Chakejian v. Equifax Information Services, LLC*, 256 F.R.D. 492, 2009 WL 764656 (E.D. Pa. 2009)

*Barel v. Bank of America,* __F.R.D.__, 2009 WL 122805 (E.D. Pa. 2009)

*Mann v. Verizon*, C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008)

*Smith v. Grayling Corp.,* 2008 WL 3861286, C.A. No. 07-1905 (E.D. Pa. 2008)

*Strausser v. ACB Receivables Management, Inc.,* 2008 WL 859224 (E.D. Pa., March 28, 2008)

*Nienaber v. Citibank (South Dakota), N.A.,* 2007 WL 2003761 (D.S.D., July 5, 2007)

*Jordan v. Commonwealth Financial Systems, Inc.*, 237 F.R.D. 132, 2006 WL 2294855 (E.D. Pa. 2006);

*Seawell v. Universal Fidelity Corp,* 235 F.R.D. 64 (E.D. Pa. 2006);

*Perry v. FleetBoston Financial Corp.*, 299 F.R.D. 105, 2005 WL 1527694 (E.D. Pa. 2005);

*Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. 2005);

*Beck v. Maximus*, 457 F. 3d 291, 2006 WL 2193603 (3d Cir. Aug. 4, 2006)

*Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005)

*Bittner v. Trans Union, LLC,* C.A. No. 04-2562 (E.D. Pa. January 4, 2005)

*Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004)

*Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004)

*Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691 (E.D. Pa 2004)

*Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. 2003)

*Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003)

*Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003)

*Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271 (E.D. Pa. 2000),

*Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436 (E.D. Pa. 2002)

*Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002)

*Saunders v. Berks Credit & Collections*, 2002 WL 1497374 (E.D. Pa. 2002)

*Schilling v. Let's Talk Cellular and Wireless*, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002)

*Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461 (E.D. Pa. 2000);

*Smith v. First Union Mortgage Corporation*, 1999 WL 509967 (E.D. Pa. 1999)

*Miller v. Inovision*, C.P. Phila. County, December Term, 1999, No. 3504.


## NOTABLE CASES

- *Schwartz v. Aracor Search & Abstract, Inc.*, 2014 WL 4493662 (E.D. Pa. Sept. 11, 2014) (upholding compensatory and punitive damages judgment against title company that misappropriated certain funds at real estate closing)

- *Ferguson v. Wells Fargo Bank, NA*, 538 Fed. Appx. 782 (9th Cir. 2013) (reversing summary judgment for bank that failed to properly remove bankruptcy notation

- *King v. General Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (first court to uphold constitutionality of FCRA's obsolescence provision

- *Seamans v. Temple University,* Civil No. 11-6774 (E.D. Pa., Oct. 28, 2011) – precedential case of first impression before U.S. Court of Appeals for the Third Circuit addressing duties of furnishers and interplay between the FCRA and HCA.

- *Dixon-Rollins v. Trans Union, LLC,* Civil No. 09-646 (E.D. Pa., April 10, 2010) – $530,000 jury verdict against a credit reporting agency that falsely reported an old landlord collection claim for rent (*remitted* to $300,000).

- *Adams v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2010 WL 1931135 (D.N.J. May 12, 2010) (first court to find that consumers may sue under FRCA over information in specialty Accurint report used by debt collectors)

- *Shames-Yeakel v. Citizens Financial Bank*, 677 F. Supp. 2d 994 (N.D. Ill. 2009) (first court to rule that consumer may proceed to jury trial on claim that bank breached its duty to sufficiently secure its online banking system).

- *Cortez v. Trans Union, LLC,* Civil No. 05-5684 (E.D. Pa., April 26, 2007) – $800,000 jury verdict against Trans Union in fair credit reporting case (*remitted* to $150,000).

- *Samuel-Bassett v. Kia Motors America, Inc.,* C.P. Phila. County, January Term, 2001, No. 2199 – $5.6 million verdict for class of Pennsylvania car purchasers;

- *Little v. Kia Motors America, Inc.,* 2003 WL 25568765 (N.J. Super. L. 2003) – $6 million (approximate) verdict for class of New Jersey car purchasers, damages later decertified.

- *Serrano v. Sterling Testing Systems, Inc.*, __F.Supp.2d__, 2008 WL 2223007 (E.D. Pa. May 30, 2008) – federal court finding as a matter of first impression what defines a record of arrest under the FCRA.

- *Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005) – obtained $772,500 settlement for class of consumers who disputed errors in their credit reports.

- *Perry v. FleetBoston Financial Corp.*, 2004 WL 1508518 (E.D. Pa. 2004) – defeated motion to compel arbitration in class action brought under Fair Credit Reporting Act.

- *Crane v. Trans Union, LLC,* 282 F. Supp. 2d 311 (E.D. Pa. 2003) – federal court held that credit reporting agencies that merely parrot information from credit furnishers and fail to forward dispute documentation face claims for punitive damages under the Fair Credit Reporting Act; violation of the Fair Credit Reporting Act presents a violation of Pennsylvania's Consumer Protection Law);

- *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582 (E.D. Pa. 2003) – same.

- *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004) – in fair debt class action, Pennsylvania federal court held for the first time that statutory net worth limitation is not limited to balance sheet net worth, and includes equity, capital stock and goodwill.

- *Evantash v. G.E. Capital Mortgage Services, Inc.*, 2003 WL 22844198 (E.D. Pa. 2003) – in fair credit reporting case, court held that technical accuracy is not a defense.

- *Sheffer v. Experian Information Solutions, Inc.*, 2003 WL 21710573 (E.D. Pa. 2003) – federal court held that Fair Credit Reporting Act permits as recoverable damage emotional distress in trying to correct errors in a consumer's credit file, even where no pecuniary or out-of-pocket losses.

- *Sheffer v. Experian Information Solutions Inc.,* 249 F. Supp. 2d 560 (E.D. Pa. 2003) – federal court held that FCRA provides a private right of action against furnishers of information.

- *Sullivan v. Equifax, Inc. et al.*, 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. 2002) – federal court held that reporting a debt to a credit reporting agency is a communication covered by the Fair Debt Collection Practices Act;

- *Wenrich v. Cole*, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. 2000) – federal court held that FDCPA provides protection for all persons, not just consumers; and

- *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001); 2001 U.S. Dist. LEXIS 10221 (E.D. Pa. 2001) – federal court held that single publication rule does not apply to actions brought for violation of the Fair Credit Reporting Act.

## PRESENTATIONS/LECTURES BY INVITATION

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Las Vegas, NV May 1–3, 2015.

Speaker, *Fair Debt Collection Experienced Training Conference,* National Association of Consumer Advocates, Baltimore, MD, March 7–8, 2013

Speaker, *Fair Debt Collection Experienced Training Conference*, National Association of Consumer Advocates, New Orleans, LA, February 23–24, 2012.

Speaker, *Negotiating 101,* National Association of Consumer Advocates, Memphis, TN, May 20–22, 2011

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Chicago, IL May 8–10, 2009.

Speaker, *Fair Debt Collection Experienced Training Conference*, National Association of Consumer Advocates, Nashville, TN, March 27–29, 2008.

Speaker, *Litigation Trends: "Getting to Know the Other Team",* 11th Annual DBA International World Championship of Debt Buying, Las Vegas, NV, February 5–7, 2008.

Speaker, *Protecting Vulnerable Consumers and Promoting Marketplace Justice,* Consumer Rights Litigation Conference, National Consumer Law Center, Miami, FL, November 10–13, 2006.

Speaker, *FCRA: Playing to Win,* National Association of Consumer Advocates, Las Vegas, NV, May 5–7, 2006.

Speaker, *Litigating Accuracy Issues With Furnishers of Credit Data*, National Association of Consumer Advocates, New Orleans, LA, June 2–5, 2005.

Speaker, *Understanding Credit Scoring*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, MA, November 7, 2004.

Speaker, *Litigating Accuracy Issues With Credit Reporting Agencies*, National Association of Consumer Advocates, Chicago, Ill., May 14–16, 2004.

Speaker, *FCRA/Building On Our Success*, National Association of Consumer Advocates, Orlando, FL, March 7–9, 2003.

Speaker, *Protecting Privacy, Ensuring Accuracy*, National Association of Consumer Advocates, Albuquerque, NM, June 1, 2002.

Faculty/Speaker, *Credit Reporting and Debt Collection Litigation*, Municipal Court Judicial Conference (CLE), Pennsylvania, PA, May 6, 1999.


Mr. Mailman has been consistently voted and named one of Pennsylvania's Super Lawyers by *Law and Politics* published by *Philadelphia Magazine* and *Pennsylvania Super* for the years 2004-2016. Mr. Mailman has lectured before judges, lawyers and various professional organizations on the topics of Fair Debt Collection and Fair Credit Reporting litigation. He has also appeared on various news programs to discuss consumer relevant issues.

Mr. Mailman has litigated cases on behalf of victimized consumers throughout Pennsylvania. He concentrates his practice in the areas of Fair Debt Collection, Fair Credit Reporting, unwanted auto calls and texts, Credit Repair Litigation and consumer class actions. He serves as a certified arbitration panelist with the Federal Arbitration Panel and serves on the Editorial Board of the Consumer Financial Services Law Report. Additionally, he is a member of the Pennsylvania Trial Lawyers Association, Philadelphia Trial Lawyers Association, Philadelphia Bar Association, and National Association of Consumer Advocates, and regularly serves on the Philadelphia Bar Association's Federal Courts Committee.

# JOHN SOUMILAS

JOHN SOUMILAS concentrates his practice in consumer protection law, including fair credit reporting, fair debt collection, and consumer class actions. John litigates individual and class action cases primarily in federal court on behalf of victims of identity theft, persons defamed and otherwise harmed by credit errors, individuals harassed and deceived by debt collectors, and many others who are subjected to unwelcome invasions of their privacy, fraud, overcharging and other unfair business or employment practices.

John has been repeatedly recognized by Philadelphia Magazine as a "*SuperLawyer*," a recognition received by only 5% of attorneys in Pennsylvania. Through settlements and verdicts, John has recovered tens of millions of dollars on behalf of victimized consumers and has forced banks, credit bureaus and other businesses to make pro-consumer changes to their records and practices. He was lead class counsel and lead trial counsel in the June 2017 record-breaking $60 million dollar class action jury verdict, the largest verdict in history for a case brought under the Fair Credit Reporting Act.

John is a 1994 cum laude graduate of Rutgers University, where he was inducted into Phi Beta Kappa. He also holds a master's degree in American history from the State University of New York at Stony Brook. John received his law degree cum laude from the Temple University Beasley School of Law in 1999, where he was a member of the Jessup Moot Court and Temple Law Review. He began his legal career by clerking for Justice Russell M. Nigro of the Supreme Court of Pennsylvania.

John is admitted to practice before the United States Courts of Appeals for the Third, Fourth, Sixth, Seventh, Ninth and Eleventh Circuits, the United States District Courts for the District of Colorado, Eastern District of Michigan, Eastern District of Pennsylvania, and the District of New Jersey, as well as the state courts of Pennsylvania and New Jersey. He has also successfully litigated cases on a *pro hac vice* basis throughout the country.

## JURY TRIALS
Tried several cases and obtained among the highest jury verdicts in cases brought under the Fair Credit Reporting Act (FRCA), including the highest known FCRA jury verdicts in California, Pennsylvania and Michigan.

- *Cortez v. Trans Union, LLC,* Civ. No. 05-5684 (E.D. Pa. Apr. 26, 2007)
- *Dixon-Rollins v. Trans Union, LLC*, Civ. No. 09-0646 (E.D. Pa. March 9, 2010)
- *Smith v. LexisNexis Screening Solutions, Inc*., Civ. No. 13-10774 (E.D. Mich. Oct. 24, 2014).
- *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2017 WL 5153280 (N.D. Cal. Nov. 7, 2017).

## APPEALS
Successfully handled several appeals and obtained some of the most favorable appellate decisions for consumers under the FCRA.

- *Seamans v. Temple University,* 744 F.3d 853 (3d Cir. 2014)
- *Cortez v. Trans Union, LLC,* 617 F.3d 688 (3d Cir. 2010).

# CLASS ACTIONS

Has served as class counsel in over two dozen cases, including some of the largest FCRA settlements and verdicts.

- *Flores v. Express Personnel*, C.A. No. 14-cv-03298, (E.D. Pa. Oct. 21, 2016) (several improper background screening practices);

- *Magallon v. Robert Half International, Inc.* WL 8778398 (D. Or. Nov. 10, 2015) (employment candidate notices to late);

- *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Cal. 2014) (false terrorist alerts on credit reports);

- *LaRocque v. TRS Recovery Services Inc.,* 285 F.R.D. 139 (D. Maine 2012) (deceptive collection letter for returned check and other fees);

- *Summerfield v. Equifax Info. Servs., LLC,* 264 F.R.D. 133 (D.N.J. 2010) (misrepresenting reinvestigation results of disputed bankruptcies, tax liens and civil judgments listed on credit reports).

# NOTABLE CASES

- *Dennis v. Trans Union, LLC*, 2014 WL 5325231 (E.D. Pa. Oct. 20, 2014) (first court to rule that consumer may sue credit reporting agency for failing to identify private vendors of public records information placed on consumer's credit file);

- *Schwartz v. Aracor Search & Abstract, Inc.*, 2014 WL 4493662 (E.D. Pa. Sept. 11, 2014) (upholding compensatory and punitive damages judgment against title company that misappropriated certain funds at real estate closing);

- *Ferguson v. Wells Fargo Bank, NA*, 538 Fed. Appx. 782 (9th Cir. 2013) (reversing summary judgment for bank that failed to properly remove bankruptcy notation);

- *King v. General Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (first court to uphold constitutionality of FCRA's obsolescence provision);

- *Howley v. Experian Info. Solutions, Inc.*, 813 F. Supp. 2d 629 (D.N.J. 2011) (first court to find that consumer may sue credit reporting agency that improperly disclosed his information to an identity thief);

- *Adams v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2010 WL 1931135 (D.N.J. May 12, 2010) (first court to find that consumers may sue under FRCA over information in specialty Accurint report used by debt collectors); and

- *Shames-Yeakel v. Citizens Financial Bank*, 677 F. Supp. 2d 994 (N.D. Ill. 2009) (first court to rule that consumer may proceed to jury trial on claim that bank breached its duty to sufficiently secure its online banking system).

# LECTURES / PUBLICATIONS

John is a regular lecturer on consumer matters, including for the National Business Institute, National Consumer Law Center, Practicing Law Institute, National Association of Consumer Advocates, and other organizations. John has been interviewed and quoted concerning many legal issues affecting consumers by a wide range of media outlets, from the Wall Street Journal and

Forbes Magazine to Consumer Reports and Free Speech Radio.  He has authored several popular and scholarly articles, including *Predatory Lending, the FCRA and the FDCPA* (NBI 2009) and *How Can I Combat Identity Theft* (Philadelphia Magazine, Dec. 2008).

# DAVID A. SEARLES

DAVID A. SEARLES, of counsel to the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Third, Fourth and Sixth Circuits, and the United States District Courts for the District of Maryland, the District of Colorado, the Northern District of Oklahoma, and Eastern and Middle Districts of Pennsylvania, as well as the state courts of Pennsylvania.  He is a graduate of the American University School of Law, Washington, D.C., where he served on law review.

Following graduation from law school, Mr. Searles was an attorney for Community Legal Services of Philadelphia, where he specialized in consumer and bankruptcy law.  In 1990, he successfully argued the first consumer reorganization bankruptcy case considered by the U.S. Supreme Court, *Pennsylvania v. Davenport*, 495 U.S. 552 (1990), and has served as lead counsel and presented argument in numerous consumer law cases before the United States Court of Appeals for the Third Circuit.  From 1992 through 1997, Mr. Searles was associated with the Philadelphia law firm of Drinker Biddle & Reath LLP, where his practice focused on Chapter 11 bankruptcy and creditors' rights.  Thereafter, he was a member of Donovan Searles, LLC until 2011, specializing in consumer class action litigation.

In 2005, Mr. Searles was awarded the Equal Justice Award at the Community Legal Services Breakfast of Champions for his role in directing funding for legal assistance for low-income residents of Philadelphia. Mr. Searles has served as the Pennsylvania contributor to SURVEY OF STATE CLASS ACTION LAW (ABA Section of Litigation – 2010), and as a contributing author of PENNSYLVANIA CONSUMER LAW (2010).  He has taught advanced bankruptcy law at the Rutgers University School of Law – Camden, business law at Widener University and bankruptcy law at Pierce Junior College, Philadelphia.  He is a past co-chairperson of the Education Committee of the Eastern District of Pennsylvania Bankruptcy Conference.  Mr. Searles has been named a Pennsylvania Super Lawyer for many years.

## CLASS ACTIONS

*Patel v. Trans Union, LLC,* 2018 WL 1258194 (N.D. Ca. March 11, 2018);

*Carter v. Shalhoub Management Company, Inc.,* 2017 WL 5634300 (C.D. Ca. March 15, 2017);

*Flores v. Express Services, Inc.,* 2017 WL 1177098 (E.D. Pa. March 30, 2017);

*Miller v. Trans Union, LLC*, 2017 WL 412641 (M.D. Pa. Jan. 18, 2017);

*Larson v. Trans Union, LLC*, No. 12-5726 (N.D. Ca. June 26, 2015);

*Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014);

*King v. General Information Services, Inc*., C.A. No. 2:11-cv-06850 (E.D. Pa. Nov. 4, 2014);

*Robinson v. General Information Services, Inc*., C.A. No. 2:11-cv-07782 (E.D. Pa. Nov. 4, 2014);

*Jones v. Midland Funding, LLC*, 2013 WL 12286081 (D. Conn. Dec. 3, 2013);

*Sapp v. Experian Information Solutions, Inc.,* 2:10-cv-04312 (E.D. Pa. Jan. 29, 2013);

*Reibstein v. Rite Aid Corporation,* 2011 WL 192512 (E.D. Pa. Jan. 18, 2011);

*McCall v. Drive Financial,* January Term 2006, No. 0005 (C.P. Phila. July 20, 2010);

*Serrano v. Sterling Testing Systems, Inc.,* 711 F.Supp.2d 402 (E.D. Pa. 2010);

*Summerfield v. Equifax Information Services, LLC,* 264 F.R.D. 133 (D.N.J. 2009);

*Chakejian v. Equifax Information Services, LLC,* 256 F.R.D. 492 (E.D. Pa. 2009);

*Barel v. Bank of America,* 255 F.R.D. 393 (E.D. Pa. 2009);

*Markocki v. Old Republic National Title Ins. Co.,* 254 F.R.D. 242 (E.D. Pa. 2008);

*Strausser v. ACB Receivables Management, Inc.,* 2008 WL 859224 (E.D. Pa. Mar. 28, 2008);

*Allen v. Holiday Universal, Inc.,* 249 F.R.D. 166 (E.D. Pa. 2008);

*Cohen v. Chicago Title Insurance Company,* 242 F.R.D. 295 (E.D. Pa. 2007);

*Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132 (E.D. Pa. 2006);

*Braun v. Wal-Mart Stores, Inc.,* 2005 WL 3623389 (C.P. Phila. Dec. 27, 2005);

*Perry v. FleetBoston Financial Corp.,* 229 F.R.D. 105 (E.D. Pa. 2005);

*Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. March 11, 2005);

*Stoner v. CBA Information Services,* 352 F.Supp.2d 549 (E.D. Pa. 2005);

*Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691 (E.D. Pa. April 22, 2004);

*Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303 (D. Conn. 2004);

*Piper v. Portnoff Law Associates, Ltd.,* 216 F.R.D. 325 (E.D. Pa. 2003);

*Bonett v. Education Debt Services, Inc.,* 2003 WL 21658267 (E.D. Pa. 2003).


# GEOFFREY H. BASKERVILLE

GEOFF BASKERVILLE is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, as well as the Pennsylvania and New Jersey state courts. He is a 1982 graduate of Gettysburg College and a 1992 graduate of the Dickinson School of Law. During law school, Mr. Baskerville published an article entitled *Human Gene Therapy: Application, Ethics and Regulation* in the Dickinson Law Review, Vol. 96, No. 4.

Since graduating from law school, Mr. Baskerville has worked for both plaintiff and defense litigation firms practicing in the areas of medical malpractice, architect's and engineer's malpractice, the Federal Employer's Liability Act, and trucking litigation. In 2007, Mr. Baskerville began to practice in the area of consumer protection litigation, including fair credit reporting and fair debt collection.

Mr. Baskerville is an active member of his community and volunteers his time by serving on his local Land Use Board and Historic Preservation Commission.

# LAUREN KW BRENNAN

LAUREN BRENNAN joined Francis Mailman Soumilas, P.C. in 2013, and concentrates her practice on class action litigation on behalf of consumers harmed by credit reporting errors, inaccurate employment background screening, abusive debt collection practices, and other unfair and fraudulent trade practices.

Ms. Brennan is a 2008 graduate of Swarthmore College where she majored in political science and English literature. Ms. Brennan received her J.D. *cum laude* from Temple University's Beasley School of Law, where she was a Beasley Scholar and a member of the Temple Political & Civil Rights Law Review. While in law school, Ms. Brennan worked as a law clerk at the Federal Trade Commission Bureau of Consumer Protection, and served as a judicial intern for Chief Judge Eric L. Frank of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

Ms. Brennan is admitted to practice in the U.S. Courts of Appeal for the Third, Seventh, Ninth, and Eleventh Circuits, in the state courts of Pennsylvania and New Jersey, as well as before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

# JORDAN M. SARTELL

Jordan M. Sartell joined Francis Mailman Soumilas, P.C. in 2017 and litigates on behalf of consumers damaged by erroneous credit reports, inaccurate employment background checks, abusive debt collection practices, and other deceptive and unfair business practices.

A *summa cum laude* graduate of the DePaul University College of Law and member of the DePaul Law Review, Jordan began his legal career protecting vulnerable senior citizens from financial exploitation with Prairie State Legal Services in Wheaton, Illinois. His consumer protection practice with the Zamparo Law Group focused on debt collection abuses and credit reporting litigation. Jordan is admitted to practice in Illinois and before the United States District Court for the Northern District of Illinois.

Jordan lives in suburban Chicagoland with his wife and children where he volunteers regularly with the Willow Creek Community Church Legal Aid Ministry. He is a member of the National Association of Consumer Advocates, the DuPage County Bar Journal Editorial Board, and the DuPage County Volunteer Money Management Program Advisory Board.

# ALEXIS I. LEHMANN

Alexis I. Lehmann, joined Francis Mailman Soumilas, P.C. in 2016 and represents individual consumers' rights under the Fair Debt Collections Practices Act and the Fair Credit Reporting Act, in addition to various other consumer protection laws. Prior to joining FMS, Alexis worked as a civil litigator for local and state law enforcement officers handling cases under

Title VII, The Americans With Disabilities Act, The Age Discrimination in Employment Act and the First Amendment Free Speech and Petition Clause. She has won several jury trials, most notably a $1.97 million-dollar verdict against the Pennsylvania State Police in 2014 for discrimination in employment, and violations of the First Amendment and Equal Protection clause.

Alexis received her J.D. in 2009 from the University of Detroit Mercy School of Law. While attending law school, she received a Book Award for achieving excellence in Employment Discrimination and was an active member in the Women's Law Caucus. In 2007 she clerked for The Honorable Nicholas Tsoucalas in the New York Federal Court of International Trade, assisting in drafting opinions regarding trade adjustment benefits, countervailing duties and classifications of imported goods. Alexis obtained her Bachelor of Arts degree from Temple University where she was an NCAA scholarship athlete and four time All-American.

Alexis is admitted to practice in the Supreme Court of Pennsylvania, the Pennsylvania Eastern District Court, and the Court of Appeals for the Third Circuit.

# JOSEPH GENTILCORE

Joseph Gentilcore focuses his practice on Fair Credit Reporting Act cases and other consumer protection matters under both state and federal law. He currently represents consumers in cases against credit card companies, banks, debt collectors, mortgage servicers and background check companies. Prior to joining FMS, Joseph worked with a New Jersey law firm helping to expand their consumer protection practice, and successfully litigated cases against numerous large financial institutions.

Joseph graduated Ursinus College in 2008, and Temple University School of Law in 2011. While still a student at Temple, he was certified to formally participate in legal proceedings and represented Pennsylvania in criminal misdemeanor trials in Philadelphia. Joseph was also on the executive board of Temple's Moot Court Honors Society. Every year since 2013, Joseph has been named a Rising Star by Pennsylvania Super Lawyers.

Joseph is licensed to practice in Pennsylvania and New Jersey, and is admitted in numerous federal districts throughout the country.

## The Firm's Staff

The firm employs a highly qualified staff of paralegals, legal assistants and secretaries to advance its objectives.

Exhibit 2



Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

ABRAHAM C. REICH
Direct No:  215-299-2090
Email: AReich@FoxRothschild.com

February 27, 2017

James A. Francis, Esquire
Francis & Mailman, PC
100 S. Broad Street
19th Floor
Philadelphia, PA 19110

**Re:**     **Billing Rates at Francis & Mailman, P.C.**

Dear Mr. Francis:

## I.     INTRODUCTION

By letter dated July 1, 2014, I gave you my expert opinion with regard to the proposed range of reasonable hourly billing rates for the lawyers at Francis & Mailman, P.C. ("Francis & Mailman") and, specifically, whether such rates were consistent with the Pennsylvania Rules of Professional Conduct and the Philadelphia market for legal services.  You have asked me to analyze whether the rates currently charged by your firm, as outlined in my opinion, are within market rates and whether any adjustment is warranted. This serves as a supplement to that opinion.

## II.     QUALIFICATIONS

I am a partner at the law firm of Fox Rothschild LLP ("Fox Rothschild" or "the Firm").  I have been at Fox Rothschild since 1974 as a member of its Litigation Department.  For the past twelve years, I have served as Co-Chair of Fox Rothschild.  For five years prior to becoming Co-Chair, I was the Managing Partner of the Philadelphia office.  I have been a member of the management group at the Firm since 1985.  I was the founding member of Fox Rothschild's Professional Responsibility Committee (in 1988) and served as Chair of the Committee for eight years.

As part of the management of my Firm over the past thirty-two years, I have participated in the review and analysis of the hourly rates that we charge for our lawyers.  This review is completed at least once a year and involves a review and analysis of the markets in which we participate to

A Pennsylvania Limited Liability Partnership

California     Colorado     Connecticut     Delaware     District of Columbia     Florida
Illinois     Minnesota     Nevada     New Jersey     New York     Pennsylvania     Texas



**Fox Rothschild** LLP
ATTORNEYS AT LAW

ensure that we set competitive rates and that the rates we charge are consistent with the Rules of Professional Conduct (or its predecessor, the Code of Professional Responsibility).

The process of setting hourly billable rates encompasses a number of steps. Initially, the Firm obtains public data of national, regional and local law firms' hourly billing rates. In addition, Firm management often speaks with consultants with expertise in this area to ensure that the Firm's rates are within the range of its competitors in the market. The management team, which comprises leaders from each of our offices, discuss the hourly billing rates in each of our markets. We try to establish rates that are fair and competitive.

I have had an active litigation practice for more than forty years. The majority of my practice involves commercial litigation matters, in which I represent plaintiffs and defendants. I have also been active for many years representing lawyers and law firms in a myriad of issues involving professional responsibility and legal ethics, including the defense of legal malpractice claims. I have also been involved in dealing with fee disputes between and among lawyers and their clients. In 1998, I was selected to be a Fellow of the American College of Trial Lawyers.

In Fox Rothschild's litigation practice, we have handled matters in the area of consumer law. Our Firm has represented large financial institutions, which have been sued for violations of the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Protection Act ("CCPA") and the Fair Debt Collection Protections Act ("FDCPA"). We have defended some of the parties sued by clients of Francis & Mailman.

For over thirty years, I have been active in the area of legal ethics and the interpretation and application of the Pennsylvania Rules of Professional Conduct (and its predecessor, the Code of Professional Responsibility). I have been a member of the Philadelphia Bar Association's Professional Responsibility Committee and Professional Guidance Committee. In 1983 and 1984, I served as Chair of the Professional Responsibility Committee. In 1987 and 1988, I served as Chair of the Professional Guidance Committee. I have also served as a member of a Hearing Committee for the Disciplinary Board of the Supreme Court of Pennsylvania for six years. For a portion of that time, I chaired the Hearing Committee. From approximately 1988 to 1995, I have also served as one of two appointed lawyers (non-judicial) liaisons to the Judicial Ethics Committee of the Pennsylvania Conference of State Trial Judges.

I have, for many years, served on the Legal Ethics and Professional Responsibility Committee of the Pennsylvania Bar Association. For the past eleven years, I have taught legal ethics and professional responsibility at the University of Pennsylvania Law School.

In 1995, I served as Chancellor of the Philadelphia Bar Association. I was a member of the House of Delegates of the American Bar Association for twenty years and the Pennsylvania Bar



Fox Rothschild LLP
ATTORNEYS AT LAW

Association for over twenty years. I participated in the debates surrounding the enactment of the Model Rules of Professional Conduct and many of the Amendments.

I have spoken and written on issues of trial practice and legal ethics over many years in many different forums. I have counseled hundreds of lawyers on issues of legal ethics and professional responsibility.

## III.   DOCUMENTS REVIEWED

I have reviewed the following documents as part of my analysis:

1.   Francis & Mailman Firm Biography.

2.   Francis & Mailman 2014 hourly rates.

3.   ALM Legal Intelligencer, "2016 Survey Report: Billing Rates and Practices – A Study of Billing Rates and Billing Practices of Attorneys in Small and Midsize Firms."

4.   National Law Journal Billing Survey 2014.

5.   Updated Laffey Matrix.

6.   Fox Rothschild LLP current rate schedule for its Philadelphia lawyers.

7.   Altman Weil Flash Survey, Law Firms In Transition, 2016.

8.   Consumer Price Index.

## IV.   DISCUSSION

### A.   The Firm's Accomplishments

Francis & Mailman is one of the leading law firms representing clients in consumer-related litigation in both individual and class action suits. When the firm was founded in 1998, few firms were actively litigating cases under the CCPA. In addition, Francis & Mailman was one of the first firms to have a significant legal practice concentrating in federal fair credit reporting, fair debt collection and consumer class actions. Over the past 19 years, Francis & Mailman has become a well-known and highly regarded firm in the area of consumer law. The firm and its clients have been the subject of numerous published legal decisions, many of which have been groundbreaking in the area of consumer law.



**Fox Rothschild** LLP
ATTORNEYS AT LAW

In *White v. Experian Info. Solutions*, C.A. No. 05-01070, 2014 WL 1716154 (C.D. Cal. May 1, 2014), the court found Francis &Mailman "FCRA specialists" and appointed the firm and its team as interim class counsel over objections from competing groups (including Boise Schiller) because the Francis & Mailman team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation"; affirmed sub nom *Radcliffe v. Experian Information Solutions, Inc.*, 818 F.3d 537 (9th Cir. 2016). In *Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va. Aug. 7, 2015), Francis & Mailman was appointed class counsel in a national FCRA class action and obtained a $20.8 million settlement against one of the largest data sellers and background screening companies in the world. And, in *Thomas v. BackgroundChecks.com*, C.A. No. 13-029 (E.D. Va. Aug. 11, 2015), Francis & Mailman was appointed class counsel in an FCRA national class action and obtained $18 million against another one of the largest background screening companies in the world, in addition to significant injunctive and remedial relief.

In addition to obtaining substantial and favorable verdicts, the Firm has also made significant contributions to public policy. The firm set legal precedent and clarified legal issues, including: (i) the proper standard for the investigation of a consumer dispute by credit reporting agencies and furnishers of information; (ii) the standard for proving willfulness under the FCRA; (iii) the accuracy standard for credit reports; (iv) the types of information permitted to be included in credit reports; (iv) the types of cognizable actual damages available in an FCRA action; (v) the consumer's burden of proof in an FCRA action; and, (vi) proper jury charges. Francis & Mailman has also been counsel to some of the largest FCRA settlements in history, such as *Hireright*, ($29 million) and *White/Hernandez* ($45 million).

Through Francis & Mailman's jury verdicts and class settlements, the Firm has established the "market value" for class and individual cases under the FCRA and the FDCPA. I have been informed that there were no reported plaintiff FCRA verdicts prior to the Firm's victories. Moreover, Francis & Mailman has helped establish the standards for obtaining class certification in an FCRA and an FDCPA case. To date, the firm has been certified as counsel in 54 cases throughout the country.

The attorneys at Francis & Mailman are very active and well known in the legal community. They regularly share their expertise at local and national conferences. By way of example, attorneys from the firm spoke at the Fair Credit Reporting Act Conference, National Association of Consumer Advocates, in Las Vegas, NV in May 2015. They also served on the faculty for the 21st Annual Consumer Financial Services Litigation Institute (which was CLE accredited) on "Fair Credit Reporting and Debt Collection Litigation," which took place in March and April 2016 in New York City and Chicago. They also presented at the 2014, 2015, and 2016 Consumer Rights Litigation Conference, National Consumer Law Center.



Fox Rothschild LLP
ATTORNEYS AT LAW

One of the founding partners, James Francis, was featured on LAW360 in October 2014 as one of a small handful of American plaintiff's lawyers to be selected from a national pool and featured as part of the "Titans of the Plaintiff's Bar" series. *See* https://www.law360.com/articles/583536/titan-of-the-plaintiffs-bar-jim-francis. Further, attorneys at the firm have published articles and appeared on television programs discussing developments in consumer law.

B.     **Methodology for Determining Rates**

**There are two complimentary approaches for determining reasonable hourly rates.**

The **first approach** is to consider the rates for comparably skilled practitioners in the relevant market. To that end, I have reviewed the hourly billing rates of lawyers in Philadelphia

I reviewed the 2014 National Law Journal Billing Survey where Philadelphia law firms provided billing rates. It appears that 2014 is the last year for which the NLJ published this survey. The firms were Ballard Spahr, Blank Rome, Cozen O'Connor, Duane Morris, Fox Rothschild, Morgan, Lewis & Bockius, Pepper Hamilton, Saul Ewing. The hourly billing rate range for partners with the highest billing rate was $650 to $1135, while the hourly billing rate range for partners with the lowest billing rate was $275 to $465. For associates, the highest hourly billing rate range was $495 to $640, while the lowest hourly billing rate range was $175 to $280. I would expect additional increases in 2015 and 2016, if those years had been reported.

In addition, the hourly rates of lawyers listed in the Updated Laffey Matrix was a source I consulted.[1] For the period of June 2015 through May 2016, the hourly billing rates identified were: (i) $796 for an attorney with twenty or more years of experience; (ii) $661 for an attorney with eleven to nineteen years of experience; (iii) $586 for an attorney with eight to ten years of experience; (iv) $406 for an attorney with four to seven years of experience; (v) $331 for an attorney with one to three years of experience; and (vi) $180 for a paralegal or law clerk. These numbers reflect an increase of approximately 3% - or slightly more – from the 2014 rates.

I have also reviewed the current hourly rates set by my firm for its Philadelphia lawyers. As I stated above the process of setting hourly rates for my firm begins with obtaining public data, speaking with knowledgeable consultants and discussions with the management team. I also considered the fact that the Consumer Price Index has increased 3.6% between 2014-2016, and Francis & Mailman has not increased its rates since 2014.

---

[1] The Laffey Matrix is reflective of market rates in the Baltimore/Washington area. *See* www.laffeymatrix.com. In my experience, the rates in the Baltimore/Washington area are comparable to the Philadelphia Market.



A **second approach** to determine a reasonable hourly rate would look at the relevant factors set forth in Rule 1.5(a) of the Rules of Professional Conduct.

While the Pennsylvania Rules of Professional Conduct do not specifically address the reasonableness of a specific hourly rate, they do address the considerations for assessing "the propriety of a fee" in Rule 1.5. In my opinion, some of those considerations can provide a useful analytical checklist when trying to determine a reasonable hourly rate.

The factors set forth in Rule 1.5(a) are:

1. Whether the fee is contingent or fixed;

2. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

3. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

4. The fee customarily charged in the locality for similar legal services;

5. The amount involved and results obtained;

6. The time limitations imposed by the client or by the circumstances;

7. The nature and length of the professional relationship with the client; and

8. The experience, reputation and ability of the lawyer or lawyers performing the services.

Factor Number 4 ("The fee customarily charged in the locality for similar legal services") has already been addressed. This is a comparative review of rates charged by other lawyers in the market.

Factor Number 1 ["whether the fee is contingent on fixed"] suggests that higher rates may be justified when fees are contingent. Francis & Mailman handles its cases on a contingent fee basis. As a result, the firm bears all the risk of the cost of litigation until resolution. In some instances, the firm may not receive payment of its fees for several years. Further, most of the defendants are large companies with substantial financial resources and lawyers equipped to defend the actions. Many of the lawsuits address novel areas of law. In order to obtain favorable outcomes, the attorneys at Francis & Mailman spend numerous hours conducting research, conducting discovery, and crafting innovative legal arguments to overcome attempts to have their clients' cases dismissed



before trial. The firm's investment of time and resources prevent it from litigating numerous matters at the same time.

Factor Number 2 ["The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly"], also supports the notion that a higher rate would be justified for lawyers at Francis & Mailman, who have distinguished themselves in their area of expertise. Finally, Factor Number 8 ["The expertise, reputation and ability of the lawyer or lawyers performing the services"], likewise provides another reason to justify increasing rates recommended for the lawyers at Francis & Mailman.

The table below displays Francis & Mailman's current hourly billing rates and dates of admission to the Bar. You have advised us that every judge presented with the rates supported by your report found them to be reasonable. *See, Chakejian v. Equifax Information Services*, LLC, 275 F.R.D. 201 (E.D. Pa. 2011) and *Sapp v. Experian Information Solutions, Inc.*, 2013 WL 2130956 (E.D. Pa. May 15, 2013).

| Attorney/Paralegal | Hourly Billing Rate | Date of Admission |
|---|---|---|
| James A. Francis | $500-580 | 1995 |
| Mark D. Mailman | $500-580 | 1995 |
| David A. Searles | $650-700 | 1975 |
| Geoffrey H. Baskerville | $440-470 | 1992 |
| John Soumilas | $440-470 | 1999 |
| Alexis Lehman | *[2] | 2010 |
| Erin A. Novak | $320-360 | 2005 |
| Lauren KW Brennan | $160-$200 | 2013 |
| Jordan M. Sartell | * | 2012 |
| Experienced paralegal | $165 | |
| Inexperienced paralegal | $140 | |

In consideration of the attorneys' years of experience, successful verdicts and recognition in the legal community, the level of current hourly billing rates is, in my opinion, below the market. An increase in the firm's hourly billing rates is justified. The firm has not raised its hourly billing

---

[2] * Recent hires with no historical rates at the Firm.



Fox Rothschild LLP
ATTORNEYS AT LAW

rates in the last three years. The increase in legal fees and in the Consumer Price Index during this time period justifies a reasonable increase for Francis & Mailman.

## V.  CONCLUSION

In accordance with the foregoing analysis, and based upon my review of the prevailing market hourly billing rates, it is my opinion, within a reasonable degree of professional certainty, that the following range of hourly billing rates at Francis & Mailman is consistent with the hourly billing rates charged in the Philadelphia market and within the considerations outlined in the Rules of Professional Conduct. The level of hourly billing rates within the range will depend on the complexity of the matter, the duration of the dispute and the result obtained.

| Attorney/Paralegal | Range of hourly billing rates |
|---|---|
| James Francis | $525-605 |
| Mark D. Mailman | $525-605 |
| David A. Searles | $690-725 |
| Geoffrey H. Baskerville | $450-495 |
| John Soumilas | $450-495 |
| Alexis Lehman | $225-265 |
| Erin A. Novak | $340-375 |
| Lauren KW Brennan | $175-225 |
| Jordan Sartell | $175-225 |
| Experienced paralegal | $180 |
| Inexperienced paralegal | $150 |

## VI.  SUPPLEMENTAL INFORMATION

Attached as Exhibit A is a copy of my curriculum vitae. It contains is a list of all publications that I have authored in the past 10 years. I have not testified as an expert at trial or by depositions in the past 4 years. My current hourly rate is $745.00. I have been assisted in preparing this opinion by my partner, Beth Weisser, whose hourly rate is $475.00. We spent approximately $5,000.00 in preparing this opinion.



**Fox Rothschild** LLP
ATTORNEYS AT LAW

James A. Francis, Esquire
February 27, 2017
Page 9

If I am provided with additional information, I reserve the right to supplement or amend my opinion.

Very truly yours,

Abraham C. Reich
ACR:cah

# ABRAHAM C. REICH

2000 Market Street | 20th Floor | Philadelphia, PA  19103-3291
(215) 299-2090 | Fax:  (215) 299-2150 | Email:  areich@foxrothschild.com

## PROFESSIONAL ASSOCIATION

### FOX ROTHSCHILD LLP

- Co-Chairman, Fox Rothschild LLP (April 2005 to Present)
- Partner, Litigation Department
- Former Managing Partner, Philadelphia Office (2000- April 2005)
- Professional Responsibility Committee (1998-2008),
  (Founding Member and Former Chair)

Abe has been with the firm since 1974.  His area of practice involves all aspects of business litigation and counseling, including representation of lawyers and law firms in defense of legal malpractice claims and other disputes.  Abe has taught professional responsibility at Penn Law School since 2007.  He also provides expert testimony in connection with legal ethics and professional responsibility and business litigation matters.

### EDUCATION

The Beasley School of Law at Temple University, J.D. 1974, Editor, Law Review

University of Connecticut, B.A., magna cum laude; 1971,
    Elected to  Phi Beta Kappa and Phi Kappa Phi

### ADMISSIONS

- Pennsylvania
- United States Supreme Court
- United States Courts of Appeal for the Third, Fourth, Seventh and Eighth Circuits

## PROFESSIONAL ASSOCIATIONS

- Fellow, American College of Trial Lawyers
- American Bar Association, House of Delegates (1995-2015)
- American Bar Foundation
- American Association for Justice (formerly American Trial Lawyers Association)
- Association of Professional Responsibility Lawyers
- Pennsylvania Bar Association, House of Delegates; First Statewide Bench Bar Conference, Chair, 1986; Legal Ethics and Professional Responsibility Committee; Co-Chair, Task Force to Revise the Code of Judicial Conduct, 2012- 2013
- Pennsylvania Association for Justice (Formerly Pennsylvania Trial Lawyers Association) Board of Governors, 1985-1990; Commercial Litigation Committee, Former Co-Chair
- The Beasley School of Law at Temple University, Board of Overseers

## PHILADELPHIA BAR ASSOCIATION ACTIVITY

- Chancellor, 1995
- Board of Governors, 1987-1999; Chair, 1989
- Commission on Judicial Selection and Retention, 1986-1989, 1993-1994; Vice-Chair, 1989; Chair, Investigative Division, 1988-1989
- Professional Guidance Committee; Chair, 1987-1988
- Professional Responsibility Committee; Chair, 1983-1984
- Annual Conference Committee (Bench Bar Conference), Vice-Chair, 1984; Chair, 1985
- Trustee, Philadelphia Bar Foundation, 1993-1996
- Trustee, Philadelphia Bar Education Center, 1993-1999
- Trustee, International Human Rights Fund, 1993-1995
- Federal Courts Committee
- State Civil Judicial Procedures Committee
- Editorial Board, the Philadelphia Lawyer, 1975-1987 (Former Publication of Business Law Section)
- Counsel to Philadelphia Bar Association in Restifo v. Philadelphia Bar Association, 1991-1994

## OTHER ORGANIZATIONAL ACTIVITY

- Lecturer in Law, University of Pennsylvania School of Law, "Ethics and Advocacy – From the Boardroom to the Courtroom"; Spring Semesters 2007-2017.
- The Continuing Legal Education Board of the Supreme Court Of Pennsylvania, Board Member 2005 – 2010; Chair, 2011
- The Disciplinary Board of the Supreme Court of Pennsylvania, Former Hearing Committee Member and Chair, 1985-1991
- Pennsylvania Committee of State Trial Judges, Lawyer Liaison, Judicial Ethics Committee, 1988-1995
- Campaign for Qualified Judges, Former Trustee
- Pennsylvania Law Journal-Reporter, Former Member of Corporate Law Advisory Board
- The Legal Intelligencer, Former Editorial Board Member, 1992
- Lawyers Club of Philadelphia, Former Member of Board of Directors
- United States Court of Appeals for the Third Circuit, Task Force on Equal Treatment in the Courts, 1996
- Lawyer's Advisory Committee, United States Court of Appeals for the Third Circuit, Chair, 1998
- Jenkins Law Library, Board Member and President (1995-2015)
- Pennsylvanians for Modern Courts, Advisory Board Member
- Brandeis Law Society Foundation, Director

## PUBLICATIONS

- Contributing Author, *Successful Partnering Between Inside and Outside Counsel –* Ethics, Chapter 31 (Thomson Reuters 2009-2016)

- Contributing Author, *Pennsylvania Ethics Handbook*, Pennsylvania Bar Institute, 2008, 2011, 2014

- Co-Author, *Attorney Self-Governance, Federal Oversight Clash in Dodd-Frank Act*, The Legal Intelligencer, November 15, 2010

- Co-Author: *The Lawyer's Duty of Disclosure: Ethics and Sarbanes-Oxley – The New Conundrum for Patent Lawyers*, Akron Intell. Prop. 43-63, 2007

- *"The IP Lawyer's Duty of Disclosure Under Sarbanes-Oxley,"* The Legal Intelligencer – May 8, 2006

- Co-Author: *When Competition Crosses The Line, Mid-Atlantic Executive Legal Advisor*, Winter 2005

- Co-Author: *What Do You Do When Confronted With Client Fraud, Business Law Today*, Vol. 12, Number 1, September/October 2002

- Co-Author: *Screening Mechanisms: A Broader Application? Balancing Economic Realities and Ethical Obligations*, Vol. 72, Temple Law Review 1023, 2000

- *Lawyer Controlled MDPs: Critical to the Future Economic Vitality Of Our Profession*, American Bar Association Section of Environment Energy and Resources, Ethics Committee Newsletter, Vol. 1 No. 1, November 2000

- Co-Author: *The Private Securities Litigation Reform Act of 1995; An Overview*, The Barrister, Vol. XXVII, No. 2, Fall, 1996

- Co-Editor: *Commercial Litigation Case Notes, Pennsylvania Trial Lawyers Association*, 1985-1995

- Co-Author: *Time Out – A Time for Reflection on Statutes of Limitation in Federal Securities Laws and RICO Claims, The Barrister*, Vol. XVIII, No. 1, Spring 1987

- Co-Author: *Getting Even, Litigation*, Vol. 13, No. 2, Winter, 1987

- Book Review, *Newberg on Class Actions, (Second), The Barrister*, Vol. XVL No. 4, Winter 1985/1986

- Co-Author: *Mandamus Used as Pretrial Appeal, Pennsylvania Law Journal Reporter*, Vol. VI, No. 10, March 1983

- Co-Author: *Derivative Action Requirements Eased, Pennsylvania Law Journal Reporter*,

- Vol. V., No. 46, December 1982

- Co-Author: *Non-Parties May Recover Discovery Costs, Pennsylvania Law Journal Reporter,* Vol. V, No. 39, October 1982

- *Action in Restraint of Trade: What Constitutes Conspiracy?, Pennsylvania Law Journal Reporter*, Vol. IV, No. 15, April 1981

- *A Shot in the Arm for Dissenting Shareholders, The Philadelphia Lawyer*, Vol. 17, No. 2, March 1980
- *The New Judicial Code as Part of Pennsylvania's Consolidated Statutes, The Philadelphia Lawyer*, Vol. 16, No. 2, June 1979
- *Equal Fault Revisited; The Philadelphia Lawyer*, Vol. 14, No 4, December 1977
- Co-Author: *Individual Issues in Securities Class Actions, The Philadelphia Lawyer*, Vol. 13, No. 3, October 1976
- *United States v. Byrum: The Troubled Application of Section 2036, Vol. 46, Temple Law Quarterly* 498, 1973

## LECTURES

- **American Association for Justice** (Formerly American Trial Lawyers Association): Commercial Litigation, 1986
- **American Bar Association**: Section of Business Law, *Client Fraud: To Disclose or Not to Disclose*, October 2002 (National Teleconference)
- **American Conference Institute Forum On Reduced Legal Costs**, The Ethics of Alternative Fee Arrangements and Cost Reduction Strategies, Nov. 2009
- **American Intellectual Property Law Association**: *Advanced Computer & Electronic Patent Practice Seminar, The Lawyers Duty of Disclosure – Ethics and Sarbanes-Oxley – The New Conundrum for Patent Attorneys*, Boston, June 2006
- **Berks County Bar Association**: Legal Ethics, 1993
- **Delaware Valley Corporate Counsel Association**: Legal Ethics, 1987
- **Dickinson Law School**: Intellectual Property Forum, Trade Secrets, 1983 and 1985
- **DuPont Chemical CLE Series**, Ethics and the Federal Circuit, September 2007
- **Federal Bar Association**: Federal Class Actions, 1986
- **Frankford's Rotary Club**: Legal Ethics, 1987
- **Intellectual Property Owners Association**: Annual Meeting "Sarbanes-Oxley and the Duty of Disclosure for IP Lawyers", Seattle, September 2005
- **Lorman Seminars, Ethics and Social Media**, 2013, 2014, 2015, 2016
- **Minnesota Institute of Legal Education**: Securities/Commercial Litigation, 1986;
- **Antitrust/Unfair Competition,** 1987; Securities/Commercial Litigation, 1989
- **Montgomery County Trial Lawyers Association**: Legal Ethics/Fee Disputes, 1991

- **Pennsylvania Association for Justice** (Formerly Pennsylvania Trial Lawyers Association)
  - Broker/Dealer Litigation, 1984;
  - Commercial Litigation Update, 1986-1989;
  - Antitrust/Health Care, 1989;
  - Legal Ethics/Professional Responsibility, 1992/1993 (Multiple Seminars);
  - Winning with Expert Testimony, April 2002;
  - "What's It Worth" Seminar (Ethics Component), November 2002; March 2010
- **Pennsylvania Bar Association: Young Lawyers Section**, The Transition from Associate to Partner, 1986
- **Pennsylvania Bar Institute**
  - Directors and Officers Insurance, 1987;
  - Legal Ethics/Professional Responsibility, 1988;
  - Legal Ethics/Professional Responsibility – Bucknell University, 1992;
  - Legal Ethics/Professional Responsibility, 1993;
  - Alternative Dispute Resolution, 1994;
  - Legal Ethics/Professional Responsibility, 1997;
  - Alternative Dispute Resolution, 1997;
  - Recent Developments in Federal Practice/Federal Evidence, 1998;
  - The Ethics of Law Firm Governance, 2000;
  - Intellectual Property Issues for Business Lawyers, April 2002;
  - Accounting Litigation After Enron, WorldCom. (Ethics Component), November 2002;
  - Attorney Fees, June 2003;
  - My First Federal Court Trial, October 2004;
  - Tortious Interference in Business/Professional Relationships, August 2005;
  - Ethical Considerations in Litigating Employment Discrimination Cases, December 2005;
  - Best Practices in Pretrial Litigation in Federal Courts, 2012, 2013, 2014; 2015, 2016
  - Annual Labor Law Update (Ethics Component) 2014

- **Philadelphia Bar Association**
  - Bench Bar Conference, Commercial Litigation, 1979
  - Commercial Litigation, 1982
  - Professional Responsibility, 1983
  - Federal Bench Bar Conference
  - Client Confidentiality/Duty of Disclosure, 1985
  - Professional Responsibility Committee, May 2004; September 2004 (New Rules of of Professional Conduct)
  - Federal Bench Bar Conference "The Rocket Docket", 2005
- **Philadelphia Bar Education Center**
  - Legal Ethics/Solicitation, October 1992;
  - Legal Ethics/Pro Bono Representation, November 1992; November 1993
  - "Client Conflicts: Charting Safe Courses After Maritrans", April 1993;
  - Legal Ethics: "Attorney/Accountant Ethical Clashes in the 90's: How to Bridge the Gap", January 1994;
  - Ethics of Pro Bono, 1992, 1994, 1996
- **Philadelphia Business Journal**, Roundtable: The Future of Law Firms (May 22-28, 2009)
- **Pennsylvania Law Journal-Reporter**: Antitrust Law Seminar, 1981 – Course Planner
- **Philadelphia Trial Lawyers Association**
  - Commercial Litigation, 1985
  - Legal Ethics/Fee Disputes, 1991
  - Legal Ethics/Trial Practice, 1997
  - Legal Ethics and Attorney Malpractice, 2016
- **Philadelphia Intellectual Property Law Association**
  - Legal Ethics and Professional Responsibility for the Intellectual Property Lawyer, 1996;
  - ADR in IP Cases, 2005
  - IP Lawyers and the Duty of Disclosure under the Sarbanes-Oxley Act, May 2006
  - Ethics, May 2010.
- **Smithsonian Institution/American Association of Museums**: Legal Ethics: Who is the Client? – The Museum Board, Officers, Employee, or the "Public" - 2007
- **Temple University School of Law**: Legal Ethics, 1995; Rome Program, Visiting Professor, International Civil Litigation, June 2004; Legal Ethics and Social Media 2013; 2014

- **Third Circuit Judicial Conference**: Litigating Federal Civil Cases in the 21st Century: Changes and Challenges (Course Planner) 1997; Ethics in a Digital Age (Panelist), 2011
- **Thomson Reuters**: *Conflicts and Ethical Duties to Clients and the Public: Are They Reconcilable?*, Speaker, June 25, 2013
- **University of Akron School of Law**, Eighth Annual Richard C. Sughrue Symposium: The New Conundrum for Patent Lawyers: Sarbanes-Oxley, March 2006
- **University of Pennsylvania School of Law**: Social Media and Ethics, 2012
- **Villanova School of Law**: Professional Responsibility, 1983

## AWARDS

- Named as one of the Leading Litigation Attorneys in Pennsylvania, Chambers USA (2008 through 2016)
- Philadelphia Magazine Super Lawyers, "The Top Ten", 2006; 2011-2016 "The Top 100", 2006-2016
- Most Admired CEO Award by *Philadelphia Business Journal*, 2014
- Brandeis Society Community Achievement Award (Ben Levy), 2014
- Pennsylvania Bar Association, Award for Service as Co-Chair of Task Force on Code of Judicial Conduct, 2014
- Learned Hand Award, American Jewish Committee, 2012
- Temple University, Founder's Day Award, 2009
- Wachovia Fidelity Award, 2007
- Fund for Religious Liberty Award, American Jewish Congress, 1997
- Outstanding Leadership Award by Pennsylvania Legal Services, 1996
- IOLTA Leadership Award, 1993
- Equal Justice Award by Community Legal Services, 1991

## PERSONAL

Born: April 17, 1949, Waterbury, Connecticut

Married: Sherri Engelman Reich

Children: Two sons, Spencer and Alexander; Daughter-in-Law, Elena Steiger Reich
(lawyer), Two grandchildren, Gabriella and Levi

# Exhibit 3

| Francis Mailman Soumilas, P.C. | |
|---|---|
| Robinson v. National Student Clearinghouse | |
| All Dates | |
| | |
| **Expenses** | **Total** |
| Mediation | 4,650.00 |
| Travel, Hotel, Meals | 1,101.80 |
| Research | 907.82 |
| **Total Expenses** | **$6,659.62** |