# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**NATIONAL STUDENT CLEARINGHOUSE**,<br><br>*Defendant*. | No. 1:19-cv-10749-FDS |

## DECLARATION OF STUART T. ROSSMAN SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF <u>THE NATIONAL CONSUMER LAW CENTER</u>

I, Stuart T. Rossman, declare as follows:

1. I am one of the counsel for James Robinson, the named Plaintiff and the Class Representatives for the Settlement Class in this action. I submit this Declaration in support of Plaintiffs' Petition for an Award of Attorneys' Fees and Reimbursement of Expenses Incurred on Behalf of the National Consumer Law Center ("NCLC").

2. The facts contained in this Affidavit are within my personal knowledge, and I could testify to these facts if called to do so under oath.

3. NCLC is co-counsel in this case with the firms of Francis Mailman & Soumilas and Justice Catalyst Law.

4. In addition, my colleague, Joanna Darcus, a staff attorney who began to practice law in 2012, performed associate-level work on this case. Joanna is a member of NCLC's Student Loan Borrower Assistance Project. From 2017-2019 she was the Massachusetts Legal Assistance Project Equal Justice Fellow at NCLC. Previously she was a Supervising Attorney at

Community Legal Services, Inc. of Philadelphia. Joanna is a graduate of Williams College and the Duke University School of Law

5. We were assisted by Maggie Eggert, an NCLC paralegal.

6. Although the attorneys and staff employed by the National Consumer Law Center worked closely with our co-counsel at every step of the litigation, all of us scrupulously avoided unnecessary duplication of effort.

7. In my opinion, this action was prosecuted expertly and efficiently, and the time expended and expenses incurred in relation to this matter were reasonable and necessary to litigate the sophisticated and complex issues presented and to provide fair and adequate relief to class members.

8. I have been admitted to practice before the Massachusetts Supreme Court since 1978. I also am authorized to practice before the United States District Court for the District of Massachusetts (1979), the First Circuit Court of Appeals (1979), the United States Supreme Court (1984), the United States Court of Claims (1984), the Sixth Circuit Court of Appeals (2000), the Ninth Circuit Court of Appeals (2004), the Second Circuit Court of Appeals (2010), the Fourth Circuit Court of Appeals (2011); and the Federal District Court for the Western District of New York (2016). I presently am, and always have been, a member in good standing in every bar and court to which I have been admitted to practice law.

9. I am a graduate of the Harvard Law School (J.D., *cum laude*, 1978) and the University of Michigan (B.A. *magna cum laude*, 1975).

10. From 1978 to 1991 I was first an associate, and then a partner, in the litigation department at the Boston law firm of Gaston & Snow. My practice consisted entirely of civil trial cases, including, but not limited to, litigation on behalf of consumers injured by unfair and

deceptive business practices.

11. From 1991 to 1999 I served as an Assistant Attorney General in the Massachusetts' Attorney General's Office. From 1991 to 1995 I was Chief of the Trial Division, representing government agencies in a wide variety of civil litigation cases, primarily in defensive, but also in affirmative, matters. The nature of the cases I supervised or tried included a full spectrum of tort and contract claims brought against the Commonwealth. The practice also included representation of government agencies in employment disputes, environmental and civil rights violation claims.

12. From 1995 to 1999 I was Chief of the Business and Labor Protection Bureau. The newly created Bureau focused on combating white-collar economic fraud through criminal and civil enforcement. It consisted of the Insurance Fraud Division, the Unemployment Fraud Division, the Medicaid Fraud Control Unit and the Fair Labor and Business Practices Division.

13. Since 1993 I have been a member of the adjunct faculty at the Northeastern School of Law teaching annual courses in Civil Trial Advocacy and serving as the Givelber Distinguished Lecturer on Public Interest Law in 2010. Beginning in 2015 I have been a visiting lecturer at the University of Michigan Law School teaching a seminar on Consumer Class Actions. I also have lectured frequently and/or chaired litigation oriented educational programs for PLI, the American Association for Justice, the National Association of Consumer Advocates, the National Legal Aid and Defenders Association, Massachusetts Continuing Legal Education, the Massachusetts Bar Association and the Boston Bar Association, among others.

14. On July 1, 1999, I became the Director of Litigation at NCLC where I am responsible for coordinating and litigating cases on behalf of income and/or age qualified individuals, primarily in the areas of consumer financing, utilities regulation and affordable

housing. In that capacity, I have been qualified to file appearances, *pro hac vice*, on behalf of consumers in numerous consumer cases, today most often in complex or appellate litigation, including matters formerly or currently pending in the United States District Courts for the Eastern, Western and Southern Districts of New York, New Jersey, Eastern District of Pennsylvania, Puerto Rico, Georgia, Maine, Connecticut, Central District of Tennessee, Northern District of Illinois, Kansas, the Central and Northern Districts of California and the Western District of Washington. In addition, I have been qualified to file appearances, *pro hac vice*, on behalf of consumers in class actions filed in the state courts of California, Ohio, Rhode Island, Washington and Wisconsin. Finally, I have participated in numerous consumer cases filed in the United States District Court for Massachusetts and the courts of the Commonwealth of Massachusetts.

15. NCLC has been referred to as the "leading non-profit low-income consumer advocacy organization in the country. Memorandum and Order, January 27, 1999, <u>Mazola, et al v. The May Department Stores Company</u>, United States District Court for the District of Massachusetts, 97-CV-10872-NG (J. Gertner). NCLC has been representing low-income consumers before government agencies, Congress and state legislatures since 1969. It has appeared in the United States Supreme Court and federal and state courts and has successfully presented many important cases affecting consumer borrowers. It provides consultation and assistance to legal services, private and government attorneys in all fifty states. NCLC publishes a nationally acclaimed series of manuals on all major aspects of consumer credit and sales. It also conducts training sessions nationally on the rights of consumer borrowers for attorneys, paralegals and other counselors. NCLC works closely with lawyers representing low- income consumers, and with federal and state officials, labor unions, and community and civil rights

organizations to promote justice for consumers. NCLC maintains offices in Boston, Massachusetts and Washington, D.C.

16. The Center's staff of over 55 permanent employees includes 32 attorneys who possess over 250 cumulative years of specialized consumer law expertise, and one energy/utilities advocate. In addition, a changing mix of special projects attorneys, consultants, fellows, and temporary hires normally supplements the regular staff. NCLC is governed by a volunteer national board of directors that includes a past president of the American Bar Association, a former Arizona Solicitor General, as well as bar association representatives and clients from low-income communities.

17. In my capacity as Litigation Director of the NCLC , I have co-counseled with and advised attorneys on cases in around the country and I am well acquainted with the resources, time and money required to successfully pursue claims.

18. In 2018, NCLC set a billing rate of $700/hour for attorneys with more than 20 years of experience and $550/hour for attorneys with 8-10 years of experience based on a survey of similar plaintiff's consumer advocates in small litigation firms in the Greater Boston area. At the same time, the billing rate for our clerks and paralegals was set at $220/hour, consistent with the going rate for such services provided in our practice area.

19. The hourly rates established by NCLC are based, in part, on an informal annual survey we perform to determine the standard rates charged in the Boston legal community by private practice consumer advocates with comparable levels of experience and a recognized competence in consumer law, consumer litigation and consumer class actions.The rates also are compared with the Laffey Matrix, a matrix of hourly rates for attorneys of varying experience levels prepared by the Civil Division of the United States Attorney's Office for the District of

Columbia for use in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. The most recent Laffey Matrix, updated using cost of living adjustments measured by the Consumer Price Index for All Urban Consumers announced by the Bureau of Labor Statistics for May of each year, through May, 2020, provides for the following general practice attorney fee rates in the Washington/Baltimore area:

| Experience | Rate |
|---|---|
| 31+ years | $637.00/hr. |
| 21-30 years | $595.00/hr. |
| 16-20 years | $566.00/hr. |
| 11-15 years | $510.00/hr. |
| 8-10 years | $433.00/hr. |
| 6-7 years | $372.00/hr. |
| 4-5 years | $365.00/hr. |
| 2-3 years | $353.00/hr. |
| Less than 2 years | $319.00/hr. |
| Paralegals & Law Clerks | $173.00/hr. |

U.S. Attorney's Office, District of Columbia, *Laffey Matrix 2015-2020*
https://www.justice.gov/usao-dc/page/file/1189846/download.
Link Accessed April 16, 2020

20. The United State Consumer Law Attorney Fee Survey Report 2017-2018, conducted and authored by Ronald L. Burdge, Esq., is intended to provide timely, relevant and accurate date and information to inform and guide practical, management and planning decisions by consumer law attorneys, including private practitioners, non-private practitioners, the judiciary and government workers. The survey has been performed since 1999 and consists of survey participant data from all 50 states and the geographic areas of the District of Columbia, Puerto Rico and the U.S. Virgin Islands.

21. The United States Consumer Law Attorney Fee Report was reviewed prior to publication by the National Association of Legal Fee Analysis which announced its support of the methodology used in the data collection and analyses performed. The United States Consumer Law Attorney Fee Survey also is Section 50 Certified having met all current U.S.

Federal Section 508 certification guidelines.

22. A current copy of the United States Consumer Law Attorney Fee Survey for 2017-2018, can be found at:

https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf

23. According to the United States Consumer Law Attorney Fee Survey for 2017-2018, the average attorney rate for all consumer attorneys in large firms (more than 4 full time attorneys) in Massachusetts with 36-40 years of experience was $700/hr. and for attorneys with 6-10 years of experience working at such firms the average was $263/hr.

24. Based upon the computerized daily time records contemporaneously maintained by myself and my colleagues at NCLC, a summary of the time and labor devoted to this litigation through March 31, 2020, and our respective hourly rates, is as follows:

| Attorney | Hourly Rate Requested | Number of Hours To date | Lodestar |
|---|---|---|---|
| Stuart Rossman | $700 | 64.40 | $45,080.00 |
| Joanna Darcus | $550 | 39.20 | $21,560.00 |
| Maggie Eggert | $220 | 4.70 | $1,034.00 |
| **Total lodestar** | | | **$66,640.00** |

25. I anticipate that I will participate in the future settlement proceedings in this case, including, but not limited to, the preliminary approval of notice, responding to objections if any, the final approval and the administration of the settlement itself if approved. I anticipate that my time and labor devoted to such activities will take approximately fifteen (15) additional billable hours at my currently hourly rate of $700 or $10,500.00. Therefore, NCLC's final total lodestar though the completion of this litigation would be $77,140.00.

26. Based upon the computerized accounting records maintained by NCLC, a summary of the out of pocket expenses incurred during the course of his action for travel to

participate in the mediation session held in Philadelphia, PA, totaled $254.75.  NCLC does not expect to incur additional, material expenses during the remainder of this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on the date set forth below.

Date: April 17, 2020  /s/ Stuart T. Rossman
Stuart T. Rossman BBO #430640