IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | | |
|---|---|---|---|
| *JAMES ROBINSON*, | ) | Docket Number: | 1:19-CV-10749-FDS |
| Plaintiff, | ) | | |
| | ) | District Judge: | The Honorable F. Dennis Saylor, IV |
| v. | ) | | |
| | ) | Magistrate Judge: | The Honorable Donald L. Cabell |
| *THE NATIONAL STUDENT* | ) | | |
| *CLEARINGHOUSE*, | ) | | |
| *Defendant.* | ) | | |

**CLASS MEMBER'S OBJECTIONS TO
COURT APPOINTMENT OF CLASS COUNSEL, TO
CLASS COUNSEL'S NOTICE TO THE CLASS, TO
DEFENDANT AND CLASS COUNSEL'S PROPOSED SETTLEMENT, AND TO
CLASS COUNSEL'S CLAIMED FEES**

Pursuant to Federal Rule of Civil Procedure 23(e)(5)(A), class member Paúl Camarena respectfully objects on behalf of the entire class as follows:

Introduction.

The Defendant requests this Honorable Court to approve a settlement that would absolve the Defendant from Congressionally mandated liabilities. Class counsel requests this Court to approve attorney's fees of $ 750,000, plus expenses, for counsel's work on a case that has involved one single court hearing. The proposed settlement and attorney's fees would result in a windfall to the Defendant and to class counsel, at the class' expense, and, thus, the Court should reject them and should carefully consider whether class counsel has demonstrated that it will not adequately and fairly represent the class. Rule 23(g)(1)(B).

Court Appointment of Class Counsel and Class Counsel's Notice to the Class.

Court Appointment of Class Counsel.

Although the class had not received any notice, this Honorable Court appointed Francis Mailman Soumilas, Justice Catalyst Law, and the National Consumer Law Center as the class'

counsel. Class member Paúl Camarena respectfully objects because class counsel has not adequately and fairly represented the class, *infra*.

Class Counsel's Notice to the Class.

Rule 23(c)(1)(2)(B)(iii) and Rule 23(e)(1)(B) required class counsel to notify the class about counsel's proposed settlement and also about class claims and issues "clearly and concisely [and] in plain, easily understood language." However, after the Court appointed class counsel and after class counsel and the Defendant arranged their settlement agreement, class counsel failed to notify the class about class claims and issues (namely that the operative statute sets damages at a minimum of $ 100) in clear, concise, or plainly and easily understood language. Had class counsel complied, many more class members would have objected or excluded themselves.

## Settlement Agreement.

15 U.S.C. § 1681a(f) states, in relevant part, that "[t]he term 'consumer reporting agency' means any person which ... engages in ... the practice of assembling ... information on consumers for the purpose of furnishing consumer reports to third parties." Subsection 1681a(d)(1)(B) further states, in relevant part, that "[t]he term 'consumer report' means any ... communication of any information by a consumer reporting agency bearing on a consumer's ... personal characteristics ... which is used ... for the purpose of serving as a factor in establishing the consumer's eligibility for employment."

According to the Defendant National Student Clearinghouse's own website, the Clearinghouse's "services let [academic] institutions outsource all academic verifications to the Clearinghouse¹" and "[t]housands of companies and organizations nationwide depend on the

---

1 Defendant Clearinghouse website, available at https://www.studentclearinghouse.org/about/ .

Clearinghouse to take the guesswork out of confirming academic credentials[2]." "The Clearinghouse collects current enrollment data[3]" and "[t]he Clearinghouse's certification verification service enables [companies] to make timely and well-informed hiring, promotion, and compensation decisions[4]." Hence, the statutory "consumer reporting agency" definition clearly encompasses the Clearinghouse, and the Clearinghouse did not even bother to litigate this issue.

Congress decided to regulate almost every aspect of "consumer reporting agencies'" business operations. For example, Section 1681i(a)(1)(A) requires consumer reporting agencies to investigate consumer report information that consumers dispute, and Section 1681j(f) prohibits consumer reporting agencies from charging more than a statutorily set amount to consumers requesting their own consumer reports. Section 1681n(a)(1)(A) further provides that consumer reporting agencies that willfully fail to comply are liable to each consumer for at least $ 100 and up to $ 1,000, and consumer reporting agencies regularly pay the statutory maximum of $ 1,000 to individual consumers.

In the case at bar, in direct violation of Section 1681j(f), the Defendant Clearinghouse charged more than the statutorily set amount to class members: consumers who requested their own consumer reports. The Clearinghouse's violation was willful because the Clearinghouse overcharged class members after the Clearinghouse was advised by each class member that they were requesting their consumer report for the specific purpose of "Verifying [their] own Record(s)."

---

2 Defendant Clearinghouse website, available at https://www.studentclearinghouse.org/about/how-we-serve-the-k-20-to-workforce-continuum/ .
3 Defendant Clearinghouse website "Clearinghouse Fact Sheet", available at https://www.studentclearinghouse.org/about/ .
4 Defendant Clearinghouse website, available at https://nscverifications.org/professional-certifications/ .

Despite the Defendant's clear violation and despite the statutorily set damages of at least $ 100 and up to $ 1,000 per consumer, the Defendant is requesting this Honorable Court to sanction a settlement that would have the Defendant pay only $20.93 to each class member and that would absolve the Defendant of almost all of its other statutory responsibilities. The Defendant's and class counsel's proposed settlement is entirely unfair to the class and this Court should reject this settlement.

### Class Counsel's Charges to the Class.

In this case, class counsel proposes to charge $ 750,000, plus expenses, to the class. Class counsel asserts that its requested fee is reasonable because this fee is only double the amount that class counsel would have charged had class counsel charged based on the time that counsel claims to have devoted to the case and based on counsel's asserted customary hourly rate[5]. Class counsel claims to have devoted 613.6 hours to this case[6]. Although class counsel fails to detail its alleged 613.6 hours, the docket entry records establish that class counsel has not litigated a single motions, attended only one court hearing (which ran for only 3 minutes)[7], and participated in only one single mediation session (which concluded in a single day)[8]. The Court should order that class counsel, at the very least, detail its alleged 613.6 hours and explain how so many hours could have possibly been necessary.

Aside from class counsel's lack of details with respect to counsel's alleged 613.6 hours, class counsel's asserted customary hourly rates (even without the doubling) would be entirely

---

5  D.E. 28 (Class Counsel's Memorandum in Support of Counsel's Motion for Attorney's Fees), p. 14 ("the requested award of attorneys' fees and expenses in the amount of $750,000 is only 1.98 times more than Class Counsel's lodestar").
6  Id.
7  November 21, 2019 District Court Status Conference Hearing Transcripts, p. 1, ln. 19 (proceedings commenced at 2:18 p.m.) and p. 5, ln. 23 ("(Whereupon, the hearing was adjourned at 2:21 p.m.)").
8  D.E. 24, p. 9.

unreasonable in this case. Class counsel asserts that its customary hourly rate is up to $ 725[9], but, in this particular case, class counsel's few filings were sloppily littered with typographical and other errors[10]. In addition, class counsel proposes that its paralegal's hourly rate in this case should be more than double the statutorily set maximum hourly rate for federal court death-penalty defense attorneys[11]. Thus, class counsel's proposed hourly rates cannot be reasonable and the Court should order class counsel to justify seeking to charge these exorbitant rates for this sloppy work to the clients. In addition, Objector Paúl Camarena respectfully submits that, if class counsel cannot adequately explain its alleged 613.6 hours or cannot justify seeking to charge these rates to the clients, class counsel will have demonstrated that it has not, and will not, fairly represent the class.

>
> Respectfully submitted,
> Class Member Objector Paúl Camarena
> */s/ Paúl Camarena*
> Paúl Camarena
> 500 So. Clinton, No. 132
> Chicago, IL 60607
> paulcamarena@paulcamarena.com
> (312) 493-7494

---

9   D.E. 28-1, p. 5, ¶ 12.
10  For example, while the Table of Contents of Class Counsel's Motion for Notice to the Class correctly states that "Attorneys' Fees and Costs" are addressed on page 4, this Table of Contents also asserts that "Injunctive Relief" is addressed on page " **Error! Bookmark not defined.** " D.E. 24, p. 2 (emphasis in original). In addition, class counsel states that one of its counsel previously served as a "Senior Advisory" to a government official, as opposed to having served as a "Senior Advisor" to this government official. D.E. 28-3, p. 3, ¶ 12.
11  D.E. 28-2, p. 5, ¶ 18 ("the billing rate for our clerks and paralegals was set at $220/hour" before the doubling); 18 U.S.C. § 3599(g)(1) (setting the death-penalty defense attorney maximum rate at $195/hour).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | | |
|---|---|---|---|
| *JAMES ROBINSON*, | ) | Docket Number: | 1:19-CV-10749-FDS |
| Plaintiff, | ) | | |
| | ) | District Judge: | The Honorable F. Dennis Saylor, IV |
| *v.* | ) | | |
| | ) | Magistrate Judge: | The Honorable Donald L. Cabell |
| *THE NATIONAL STUDENT* | ) | | |
| *CLEARINGHOUSE*, | ) | | |
| Defendant. | ) | | |

## NOTICE OF FILING AND OF INTENTION TO APPEAR

To:   Francis Mailman Soumilas, P.C.          Justice Catalyst Law, Inc.
      James Francis                            Brian Shearer
      1600 Market St., No. 2510                81 Prospect St.
      Philadelphia, PA 19103                   Brooklyn, NY 11201

      National Consumer Law Center             Greenberg Traurig, LLP
      Stuart Rossman                           Lisa Simonetti
      7 Winthrop Sq., 4th Floor                1840 Century Park East, No. 1900
      Boston, MA 02110                         Los Angeles, CA 90067

PLEASE TAKE NOTICE that, on Wednesday May 6, 2020, Class Member Paúl Camarena mailed **CLASS MEMBER'S OBJECTIONS TO COURT APPOINTMENT OF CLASS COUNSEL, TO CLASS COUNSEL'S NOTICE TO THE CLASS, TO DEFENDANT AND CLASS COUNSEL'S PROPOSED SETTLEMENT, AND TO CLASS COUNSEL'S CLAIMED FEES** to the United States District Court for the District of Massachusetts, Office of the Clerk, 1 Courthouse Way, Boston, MA 02210.

Please also take notice that, on Tuesday July 7, 2020, at 10:00am, at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Floor 3, Courtroom 2, Boston, MA 02210, Class Member Paúl Camarena will appear before His Honor Judge F. Dennis Saylor, IV, and Paúl Camarena will present **CLASS MEMBER'S OBJECTIONS TO COURT APPOINTMENT OF CLASS COUNSEL, TO CLASS COUNSEL'S NOTICE TO THE CLASS, TO DEFENDANT AND CLASS COUNSEL'S PROPOSED SETTLEMENT, AND TO CLASS COUNSEL'S CLAIMED FEES**.

   Respectfully submitted,
   Class Member Objector Paúl Camarena
   */s/ Paúl Camarena*
   Paúl Camarena
   500 So. Clinton, No. 132
   Chicago, IL 60607

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| *JAMES ROBINSON*, </br>     Plaintiff, </br></br> *v.* </br></br> *THE NATIONAL STUDENT CLEARINGHOUSE*, </br>     *Defendant.* | ) Docket Number:    1:19-CV-10749-FDS </br> ) </br> ) District Judge:     The Honorable F. Dennis Saylor, IV </br> ) </br> ) Magistrate Judge:  The Honorable Donald L. Cabell </br> ) </br> ) </br> ) |

## CERTIFICATE OF SERVICE

CLASS MEMBER PAÚL CAMARENA CERTIFIES that, on Wednesday May 6, 2020, he mailed **CLASS MEMBER'S OBJECTIONS TO COURT APPOINTMENT OF CLASS COUNSEL, TO CLASS COUNSEL'S NOTICE TO THE CLASS, TO DEFENDANT AND CLASS COUNSEL'S PROPOSED SETTLEMENT, AND TO CLASS COUNSEL'S CLAIMED FEES**, his **NOTICE OF FILING AND OF INTENTION TO APPEAR**, and this **CERTIFICATE OF SERVICE** to:

Francis Mailman Soumilas, P.C.
James Francis
1600 Market St., No. 2510
Philadelphia, PA 19103

National Consumer Law Center
Stuart Rossman
7 Winthrop Sq., 4th Floor
Boston, MA 02110

Justice Catalyst Law, Inc.
Brian Shearer
81 Prospect St.
Brooklyn, NY 11201

Greenberg Traurig, LLP
Lisa Simonetti
1840 Century Park East, No. 1900
Los Angeles, CA 90067

Respectfully submitted,
Class Member Objector Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494