IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| *JAMES ROBINSON*, Plaintiff, | ) Docket Number: | 1:19-CV-10749-FDS |
| | ) | |
| | ) District Judge: | The Honorable F. Dennis Saylor, IV |
| *v.* | ) | |
| | ) Magistrate Judge: | The Honorable Donald L. Cabell |
| *THE NATIONAL STUDENT CLEARINGHOUSE*, Defendant. | ) ) ) | |

## CLASS MEMBER'S MOTION FOR DISCOVERY

Pursuant to Federal Rule of Civil Procedure 23(d), Class Member Paúl Camarena respectfully moves this Honorable Court for leave to take discovery, and Class Member Camarena, in support, states as follows:

In appeals involving class actions, circuit court have held that district courts have a duty to protect against "lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class[1]." This duty "requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions[, and circuit] courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries[2]." Circuit court have also "affirm[ed] the need for [district] courts to be even more scrupulous than usual in approving settlements where no class has yet been formally certified[3]," as is the case in the case at bar.

---

1 *Reynolds v Beneficial National Bank*, 288 F.3d 277, 279 (7th Cir 2002) (citing, *inter alia*, *Duhaime v. John Hancock Mutual Life Ins. Co.*, 183 F.3d 1, 7 (1st Cir. 1999)).
2 *Reynolds v Beneficial National Bank*, 288 F.3d 277, 279 – 280 (citations omitted).
3 *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 805 (3d Cir. 1995).

Thus, in *Pallister v. Blue Cross Blue Shield*, the court "conclud[ed] that in a settlement only class action case[, ] the heightened scrutiny [ ] mandates that there be <u>*sufficient information provided to the class representatives, any objectors, and the district court*</u> to enable the parties and the court to reach a well-informed decision of whether the proposed settlement is fair, adequate and reasonable[4]." Hence, the *Pallister* court held that "the District Court abused its discretion in denying [the objector]'s motion to conduct discovery [and t]herefore, [the court] remand[ed] this case to the District Court with instruction to allow discovery to be conducted into the settlement negotiations and the billing records of the class counsel, to hold another fairness hearing, and to issue new findings of facts and conclusions of law based upon the entirety of evidence received[5]." The *Pallister* court "emphasize[d] that in reaching this decision, [the court was] not inferring or even suggesting that there was collusion or misconduct of any sort among the parties and their attorneys[6]." *See also, In re Community Bank of Northern Virginia Second Mortgage Loan Litigation*, 418 F.3d 277, 316 (3rd Cir. 2005) (remanding and "recogniz[ing] that [objector] discovery may be appropriate if lead counsel has not conducted adequate discovery").

The *Pallister* settlement and attorney fees were far fairer to the class and far more transparent than the settlement and fees in the case at bar. The *Pallister* plaintiffs alleged that defendant Blue Cross Blue Shield of Montana illegally refused to pay their medical bills, and the *Pallister* settlement required B.C.B.S. to pay 50% to 75% of these medical bills to class members and also required BCBS to waive any claims for co-payments, deductibles, or subrogation payments from class members[7]. By contrast, in the case at bar, the settlement

---

4  *Pallister v. Blue Cross Blue Shield*, 285 P.3d 562, 570 (2012) (emphasis added).
5  *Pallister*, at 567.
6  *Pallister*, at 570.
7  *Pallister*, at 580 ("The settlement provided all class members with 50 to 75 percent of their denied

requires the Defendant to pay only 2% to 21% of statutorily required damages[8] and this settlement does not require the Defendant to comply with any other of its statutory responsibilities[9].

Also, the *Pallister* class counsel had to litigate the case for three years before that defendant agreed to the settlement[10], and the *Pallister* class counsel proposed a fee of less than 20.21% of the entire settlement amount[11]. By contrast, in the case at bar, class counsel filed the complaint just 3 months before class counsel and the Defendant made their agreement[12], and class counsel proposes to take more than 38.34% of the entire settlement amount[13].

In addition, in *Pallister*, the parties had to formally produce discovery documents numbering into the thousands[14], the District Court had to appoint a judge to serve as mediator[15] and, after the parties negotiated a settlement, the mediator opined that "the settlement was fair

---

medical bills depending on when they filed their claim. These medical bills typically would have been subject to co-payments and deductibles that would have reduced the amount of insurance coverage available. BCBSMT waived these coverage offsets. ... BCBSMT also possessed subrogation rights against some class members that would have reduced recovery. BCBSMT waived too these potential subrogation rights.").

8   D.E. 28 (Class Counsel's Memorandum in Support of Attorneys' Fees), p. 11, ¶ 1 (noting that class members would "receive approximately $20.93 each"); 15 U.S.C. § 1681n(a)(1)(A) (authorizing recovery of actual damages "or damages of not less than $100 and not more than $1,000").

9   The settlement does not require the Defendant to comply with, for example, Section 1681i(a)(1)(A), which requires consumer reporting agencies to investigate consumer report information that consumers dispute.

10  *Pallister*, at 573 ("Class counsel had been litigating this matter in state and federal courts for three years before the parties reached the settlement.").

11  *Pallister*, at 578 ("class counsel's fee of $600,000 compares favorably with the expected $2.37 million payout to class members").

12  D.E. 28 (Class Counsel's Memorandum in Support of Attorneys' Fees), p. 7 ("Plaintiff filed his complaint on April 18, 2019. ... The parties reached an initial agreement [on August 9, 2019] and notified the Court.").

13  D.E. 24-4 (Exhibit D of Class Counsel's Motion for Order Directing Notice), p. 3 (Defendant "will establish a settlement fund in the amount of approximately $1,956,000. Out of the settlement fund, [Defendant] will pay [ ] attorneys' fees, costs and expenses in an amount up to $750,000").

14  *Pallister*, at 577 ("Federal R. Civ. P. 26(a) accordingly required the parties to make extensive pre-trial disclosures. These disclosures produced thousands of documents relating to class claims, individual claims of Plaintiffs and the defenses.") (internal quotations omitted).

15  *Pallister*, at 573 ("the District Court appointed Judge Whelan to serve as mediator").

based on the strengths and weaknesses of each party's case[16]." By contrast, in the case at bar, the Defendant did not produce any formal discovery, class counsel and the Defendant themselves selected the mediator, and the parties have not disclosed any information about the mediator's opinion regarding their agreement. Thus, this Honorable Court simply does not have sufficient information to "exercise the highest degree of vigilance in scrutinizing [the] proposed settlement [ ] of [this] class action." *Reynolds v Beneficial National Bank*, 288 F.3d at 279 – 280 ("We do not know whether the $25 million settlement that the district judge approved is a reasonable amount given the risk and likely return to the class of continued litigation; we do not have sufficient information to make a judgment on that question. What we do know is that [ ] the judge did not give the issue of the settlement's adequacy the care that it deserved.").

Wherefore, "to enable the parties and the court to reach a well-informed decision of whether the proposed settlement is fair, adequate and reasonable[,] the court sh[ould] allow the objectors the opportunity to conduct limited discovery. They should be allowed to explore [ ] how and why the particular compromises of claims were determined. They should also be allowed to explore how the Settlement Agreement and class counsel's fee were negotiated, and any other area of inquiry the objectors and the court conclude is relevant." *Pallister*, at 570.

Respectfully submitted,
Class Member Objector Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494

---

16 *Pallister*, at 573 ("Judge Whelan attested that the parties had negotiated in 'good faith' and that the parties fully and fairly had assessed the strength and weaknesses of their respective cases. He further believed that the settlement was fair based on the strengths and weaknesses of each party's case.").

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| *JAMES ROBINSON*, Plaintiff, | ) ) ) ) ) ) ) ) ) | Docket Number: 1:19-CV-10749-FDS |
| v. | | District Judge: The Honorable F. Dennis Saylor, IV |
| *THE NATIONAL STUDENT CLEARINGHOUSE*, Defendant. | | Magistrate Judge: The Honorable Donald L. Cabell |

## NOTICE OF FILING

To: Francis Mailman Soumilas, P.C.       Justice Catalyst Law, Inc.
James Francis                                         Brian Shearer
1600 Market St., No. 2510                     81 Prospect St.
Philadelphia, PA 19103                         Brooklyn, NY 11201

National Consumer Law Center            Greenberg Traurig, LLP
Stuart Rossman                                     Lisa Simonetti
7 Winthrop Sq., 4th Floor                     1840 Century Park East, No. 1900
Boston, MA 02110                                 Los Angeles, CA 90067

FILED IN CLERKS OFFICE 2020 JUN 19 PM 2:54 U.S. DISTRICT COURT DISTRICT OF MASS.

PLEASE TAKE NOTICE that, on Wed. June 17, 2020, Class Member Paúl Camarena mailed **CLASS MEMBER'S MOTION FOR DISCOVERY** to the United States District Court for the District of Massachusetts, Office of the Clerk, 1 Courthouse Way, Boston, MA 02210.

## CERTIFICATE OF SERVICE

CLASS MEMBER PAÚL CAMARENA CERTIFIES that, on Wed. June 17, 2020, he emailed **CLASS MEMBER'S MOTION FOR DISCOVERY** and its **NOTICE OF FILING** to:

James Francis                                         Brian Shearer
1600 Market St., No. 2510                     81 Prospect St.
Philadelphia, PA 19103                         Brooklyn, NY 11201

Stuart Rossman                                     Lisa Simonetti
7 Winthrop Sq., 4th Floor                     1840 Century Park East, No. 1900
Boston, MA 02110                                 Los Angeles, CA 90067

Respectfully submitted,
Class Member Objector Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena