# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>**NATIONAL STUDENT CLEARINGHOUSE**,<br><br>*Defendant.* | No. 1:19-cv-10749-FDS<br><br>**PLAINTIFF'S OPPOSITION TO CLASS MEMBER'S MOTION FOR DISCOVERY** |

## I. INTRODUCTION

Plaintiff James Robinson ("Plaintiff"), by his undersigned counsel, respectfully submits this Opposition to Class Member's Paúl Camarena's ("Camarena") Motion for Discovery, ECF 35 (the "Motion"). Even though Plaintiff has provided a robust record in support of final approval of the Proposed Settlement,[1] Camarena misconstrues and misstates the terms of Proposed Settlement, the relief available to Settlement Class Members, and Class Counsel's request for attorney fees in an attempt to delay and derail the approval of a fair and reasonable resolution of this matter that refunds more than five times the amount Defendant allegedly overcharged the Settlement Class. This Court should deny the Motion.

## II. LEGAL STANDARD

Objectors have no absolute right to discovery. *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, No. MDL 09-2067-NMG, 2014 WL 2547543, at *4 (D. Mass. June 3, 2014) ("*In re Celexa*") (citing *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005)); *see also In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005)

---

[1] *See* Plaintiff's Motion for Final Approval of Class Action Settlement, ECF 30-31; Plaintiff's Motion for Attorney Fees, Reimbursement of Expenses, and Service Award, ECF 27-28.

(rejecting conclusion that "objectors have an absolute right to discovery"). *See generally* Manual for Complex Litigation, Fourth, § 21.643; 4 Newberg on Class Actions § 13:32 (5th ed. 2014).

When courts, in their discretion, do allow objectors to conduct discovery, their central concern is whether the information will assist in evaluating the fairness of the settlement. *In re Celexa*, 2014 WL 2547543, at *4; *see also McDonough v. Horizon Blue Cross Blue Shield of New Jersey*, 2015 WL 5573821, at *5 (3d Cir. 2015) ("Discovery is generally in order only if objectors can make a colorable claim that the settlement should not be approved."). Indeed, "unless the objectors have made a clear and specific showing that vital material was ignored by the District Court[,] [t]here is no need for the District Court to hold an additional evidentiary hearing on the propriety of the settlement." *Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986).

### III. ARGUMENT

**A. Camarena Fails to Show That Additional Discovery Would Assist the Court in Determining Whether the Proposed Settlement Is Fair and Reasonable**

Apart from extensively citing a non-binding decision of the Montana Supreme Court, Camarena fails to identify any portion of the record before this Court on final approval that is lacking or underdeveloped.[2] Instead, the Motion simply rehashes Camarena's earlier, meritless objections to the legal sufficiency of the Proposed Settlement. This is insufficient for an objector to obtain discovery. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 563 (D.N.J. 1997) (denying discovery because objector "focuse[d] on legal issues, the development of which would not be facilitated by additional discovery.") *aff'd* 148 F.3d 283 (3d

---

[2] Indeed, the Motion often misconstrues that record. For example, the Motion's citations to Plaintiff's earlier estimates of $20.93 for Settlement Awards in his Memorandum in Support of his Motion for Attorney Fees, Reimbursement of Expenses, and Service Award (*see* ECF 35 at 3, fn 8) are simply moot. Class Members will receive a cash payment of $33.45, plus a free verification worth an additional $12.50. *See* ECF 31 at 21.

Cir. 1998)). For example, Camarena continues to mistakenly argue[3] that the Proposed Settlement should be evaluated in light of the FCRA's provision for statutory damages in the case of willful violations. *See* ECF 35 at 3. Because Camarena fails to make a colorable claim that the Proposed Settlement should not be approved, the Motion fails to demonstrate why discovery is necessary, and this Court should deny it.

B.  **This Court Should Reject Camarena's Request for a Fishing Expedition**

Camarena fails to make any concrete proposals for discovery and fails to include specific discovery requests in the Motion. Rather, he calls for a sweeping investigation into "how and why the particular compromises of claims were determined[,] . . . how the Settlement Agreement and class counsel's fee were negotiated, *any other area of inquiry* the objectors and the court conclude is relevant." ECF 35 at 4 (quoting *Pallister v. Blue Cross and Blue Shield of Montana, Inc.*, 285 P.3d 562, 570 (Mont. 2012) (emphasis added). Camarena attempts to justify this overbroad and amorphous request by arguing that "Defendant did not produce any formal discovery, class counsel and the Defendant themselves selected the mediator, and the parties have not disclosed any information about the mediator's opinion regarding their agreement." ECF 31 at 3.

Camarena's arguments fail because irrespective of whether Defendant produced "formal discovery," the Proposed Settlement provides substantial relief to all purchasers of Defendant's self-verification service within a 5-year period.[4] ECF 25 at 2. Allowing a single objector to obtain discovery into the identities of Settlement Class Members would be a pointless distraction and unduly invasive of Class Members' privacy. Moreover, Camarena fails to imply—let alone offer

---

[3]  *See* Memorandum of Law in Support of Plaintiff's Motion for Final Approval of the Class Action Settlement. ECF 31 at 25-26.

[4]  The Proposed Settlement's class definition incorporates the Fair Credit Reporting Act's longer, five-year statute of limitations, which incorporates a discovery rule. *See* 15 U.S.C. § 1681p(2).

evidence—that the parties' selection of the Honorable Diane M. Welsh (ret.), a highly regarded JAMS mediator, was in any way collusive or improper. *See In re Celexa*, 2014 WL 2547543, at *4 (discovery of settlement negotiations is generally disfavored and inappropriate unless the objector puts forward sufficient evidence that the settlement was collusive) (citing *Lobatz v. U.S.W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000)). As such, discovery into why the parties made this selection and Judge Welsh's subjective opinion of the settlement is irrelevant and unnecessarily burdensome. This Court should deny Camarena's request for discovery.

## IV.  CONCLUSION

For all the foregoing reasons, this Court should find that objector Camarena failed to make the necessary showing that discovery is necessary here. Plaintiff respectfully requests that this Court deny the Motion.

DATED: June 30, 2020

Respectfully submitted,

**JAMES ROBINSON**, *by his attorneys*,

/s/ Stuart T. Rossman
Stuart T. Rossman, B.B.O. No. 430640
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
Tel: (617) 542-8010
srossman@nclc.org

Joanna Darcus*
NATIONAL CONSUMER LAW CENTER
1001 Connecticut Avenue NW, Suite 510
Washington, DC 20036
(202) 452-6252 tel.
(202) 296-4062 fax
jdarcus@nclc.org

Benjamin David Elga*
Brian James Shearer*
JUSTICE CATALYST LAW
81 Prospect Street
Brooklyn, NY 11201
518-732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

James A. Francis*
John Soumilas*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 30, 2020, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                        */s/ Stuart T. Rossman*
                                                        Stuart T. Rossman