UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**NATIONAL STUDENT CLEARINGHOUSE**,<br><br>*Defendant*. | No. 1:19-cv-10749-FDS<br><br>**DEFENDANT'S OPPOSITION TO OBJECTOR PAUL CAMARENA'S MOTION FOR DISCOVERY AND INCORPORATED MEMORANDUM OF LAW** |

## I.  INTRODUCTION

Defendant National Student Clearinghouse ("NSC") submits this brief in support of plaintiff's Opposition to the Motion for Discovery ("Motion") filed herein by objector Paul Camarena ("Camarena"). In his Motion, Camarena seeks leave to take discovery on three vague and very broad subjects: (1) how and why the particular compromises were determined; (2) how the Settlement Agreement and class counsel's fee were negotiated; and (3) any other area of inquiry he and the Court conclude is relevant. The Court should deny the Motion because, as plaintiff has explained, Camarena does not meet the minimum legal threshold for seeking discovery.

## II.  MEMORANDUM OF LAW

**A.  Legal Standard**

"Class members who object to a class action settlement do not have an absolute right to discovery." *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, No. MDL 09-2067-NMG, 2014 WL 2547543, at *4 (D. Mass. June 3, 2014) ("*In re Celexa*") (quoting *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005)). In the context of a class action settlement, an objector should only be permitted to take limited discovery when it will: (1) ensure

that objectors have a meaningful right to participate in the fairness hearing; and (2) aid a court in evaluating the fairness of the settlement agreement. *Id.*; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, No. CIV. A. MDL-991, 1994 WL 593998, at *3 (E.D. La. Oct. 28, 1994) ("Of course, any request for discovery must also seek information relevant to the determination of whether the proposed settlement is fair, adequate and reasonable."); *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, No. CIV.A. 3:13-2289, 2014 WL 4955259, at *6 (M.D. Pa. Sept. 30, 2014) ("[T]he requesting party must show what *specific information* is needed from the settling parties and how that information will assist the court in its determination of the fairness of the proposed settlement.") (emphasis added). Moreover, discovery of settlement negotiations is generally disfavored; it is appropriate only where the objector puts forward sufficient evidence that the settlement was collusive. *In re Celexa*, 2014 WL 2547543, at *4.

**B.      Camarena Does Not Meet The Legal Standard For Seeking The Discovery.**

As noted, the focus of settlement-related discovery is assisting the Court in evaluating the fairness of the proposed settlement. *See Lee v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 121998, *80 (S.D. Fla. September 14, 2015) (holding that the court had sufficient evidence to approve the settlement agreement, and therefore, discovery about the settlement and its payment structure was unnecessary); *Cotton v. Hinton*, 559 F.2d 1326, 1333 (5th Cir. 1977) (affirming district court's denial of objector's motion to pursue discovery where "very little formal discovery was conducted [in the litigation] and [] there [was] no voluminous record in the case" because "the lack of such does not compel the conclusion that insufficient discovery was conducted").

Here, the information that Camarena seeks -- how and why particular elements of the settlement were reached -- will not provide further assistance to the Court. Plaintiff has already provided ample explanation in his Memorandum of Law in Support of Final Approval of Class

Action Settlement (ECF No. 31) and his Opposition to Class Member's Motion for Discovery (ECF No. 36). Given the sufficiency of the record, Camarena may challenge the rationale for the settlement at the fairness hearing, if he believes there are credible grounds to do so. Further, and more importantly, the Court has no need for additional information to make a fairness determination.

In addition, Camarena makes no effort to specify information that supposedly would aid the Court. Even in the decision that he purports to rely on, *Pallister v. Blue Cross & Blue Shield of Montana, Inc.*, 285 P.3d 562, 566 (Mont. 2012), the objector identified the information that he was requesting, which was not available to the Court in the record. ("He argued that information about how many class members exist, the methodology used by [the defendant] to identify class members, and the medical bills incurred by class members was not available to assist the class members, counsel, the mediator, or the court, in determining the fairness of the Settlement Agreement."); *see also In re Celexa*, 2014 WL 2547543, at *4 (allowing "very narrow" discovery where objector identified specific information needed to challenge the adequacy of the damages to be awarded to class members). Unlike the objectors in *Pallister* and *Celexa*, Camarena seeks vague and broad categories of information, and he therefore does not meet the legal standard for obtaining settlement-related discovery.

In addition, Camarena's request should be rejected because there is no evidence of collusion, nor could there be. *In re Celexa*, 2014 WL 2547543, at *4; *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987) ("Such discovery is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive . . . ."). Indeed, the proposed settlement was the result of a

highly contested, difficult mediation conducted by the Honorable Diane Welsh of JAMS, a retired United States Magistrate Judge for the Eastern District of Pennsylvania. Judge Welsh routinely handles complex mediations, including with respect to class actions, mass torts and multi-district litigations.[1] Against this background, any suggestion of collusion would be entirely unfounded. *See Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) ("The fact that the entire mediation was conducted under the auspices of Mr. Hughes, a highly experienced mediator, lends further support to the absence of collusion. . . . Parties colluding in a settlement would hardly need the services of a neutral third party to broker their deal."); *Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *15 (N.D. Ohio Sep. 1, 2011) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties."); *Feller v. Transamerica Life Ins. Co.*, No. 16-cv-01378 CAS (GJSx), 2019 WL 6605886, at *4 (C.D. Cal. Feb. 6, 2019) ("There is no evidence of collusion. The Settlement is the product of extensive negotiations between the Parties with the assistance, and direct supervision, of an experienced and highly-regarded nationally-renowned mediator . . . .").

### III. CONCLUSION

For the foregoing reasons, and those set forth in plaintiff's Opposition to the Motion, NSC respectfully asks the Court to deny the Motion in its entirety.

DATED: July 6, 2020                                    Respectfully submitted,

**NATIONAL STUDENT CLEARINGHOUSE**

By its attorney,

---

[1] A copy of Judge Welsh's biography is attached.

4

/s/ Lisa M. Simonetti
David G. Thomas, BBO # 640854
Paul T. Fox*
Lisa M. Simonetti*
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
T: (617) 310-5040
F: (617) 310-6001
thomasDA@gtlaw.com
foxp@gtlaw.com
simonettil@gtlaw.com

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Lisa M. Simonetti
Lisa M. Simonetti

# Hon. Diane M. Welsh (Ret.)

## Biography

*Judge Welsh is available to conduct virtual mediations, arbitrations and other ADR proceedings on Zoom and other online platforms.*

**Hon. Diane M. Welsh (Ret.)** is highly respected for her ability to successfully resolve disputes with sensitivity, patience, and persistence. Over the past 23 years, as a JAMS neutral and a United States Magistrate Judge, she has successfully resolved over 5000 matters, covering virtually every type of complex dispute. Specifically, Judge Welsh has extraordinary skill in resolving high-stakes multi-party commercial disputes, employment matters, catastrophic personal injury cases, class actions, mass torts and multi-district litigations (MDL's). She was recognized as a 2016-2018 "ADR Champion" by the National Law Journal.

**Class Actions, Mass Torts, and MDLs**
Judge Welsh is nationally recognized for her work as a neutral and Special Master in complex class actions, mass torts, and multi-district litigations (MDLs). Select examples of this work include:

- Appointed Special Master of the Amtrak Train Derailment Settlement Program related to the 2015 derailment of a Philadelphia passenger train. The program will distribute $265m in claims arising from the incident.
- Successful mediation in the multi-district litigation, Wright Medical Technology, Inc. Conserve Hip Implant Products Liability Litigation.
- Mediated a global settlement of the state and federal products liability proceedings brought against Stryker Orthopedics -- In re: HOC Rejuvenate and ABG II Hip Implant Products Liability Litigation, a federal multi-district litigation venued in the United States District Court for the District of Minnesota, and In re: HOC Rejuvenate Hip Stem and ABG II Modular Hip Stem Litigation Case, a New Jersey state multi-county litigation venued in Bergen County, New Jersey. Prior to mediating the global settlement, between 2013 and June 2014, Judge Welsh mediated more than 20 bellwether cases in the New Jersey multi-county litigation. Ninety-five percent of registered eligible patients have enrolled in the settlement

program under the master settlement agreement. She currenty serves as Claims Administrator overseeing the implementation of the settlement and continues to mediate opt-out cases.
- Appointed Special Master for all proceedings in In re: Constar International Inc. Securities Litigation in the Eastern District of Pennsylvania
- As a Magistrate Judge, presided over all aspects of discovery in In re: Diet Drugs (Phentermine/Fenfluramine/Defenefuramine) Product Liability Litigation.

# ADR Experience and Qualifications

- Conducted nearly 1,800 settlement conferences as a U.S. Magistrate Judge in virtually every area of civil litigation, including complex commercial, insurance, class action, mass torts, employment, serious personal injury, product liability, professional liability malpractice, antitrust, securities, government, civil rights, environmental, education, aviation, intellectual property, maritime, product liability, real estate, construction, consumer, sports, and entertainment
- Served on the Alternative Dispute Resolution committee for the United States District Court for the Eastern District of Pennsylvania for 10 years, drafting local federal court rules for court-annexed mediation program
- Frequent speaker at Continuing Legal Education programs on settlement negotiation, mediation, and the ADR Act

# Representative Matters

- **Antitrust:** Claims of conspiracy by Internet bond trader against major brokers and dealers; claims of price fixing of blood reagent products; claims of price fixing in the pharmaceutical industry
- **Aviation:** Mediated claims by passengers of Swissair flight 111; accidents involving private planes; plane that crashed into a house resulting in injuries to the resident
- **Civil Rights:** High profile case on behalf of severely abused child against private foster care placement agency and government agencies; claim against school district on behalf of special education student raped by their students in classroom supervised by a substitute teacher; cases involving alleged hazing, harassment and sexual misconduct on a University sports team; multiple Title IX and Tort cases including claims of sexual abuse involving faculty, clergy and students in colleges, universities, primary and secondary schools, boarding schools and foster care
- **Class Actions:** In addition to the class action matters listed above; RICO allegations brought by home buyers alleging specific violations; claims involving federal and state consumer protection statutes against Builder, Mortgage Brokers, Appraiser, and Mortgage Lender; ERISA/Securities Fraud class action by former employees of a national insurance company; multiple wage and hour class actions; unfair, deceptive and bad faith billing for supplying electricity to residential customers; claims involving a defective component part on a water supply line; breach of contract and breach of the covenant of good faith and fair dealing related to pricing practices on electric energy bills; violations of the Telephone Consumer Protection Act; consumer class action in connection with the repossession and resale of financed vehicles; cases involving the Fair Credit Reporting Act and the Fair Debt Collection Practices Act
- **Commercial:** Successfully mediated hundreds of business disputes involving breach of contract, corporate, franchise, licensing, partnership, shareholder's rights, and breach of warranty claims
- **Construction:** Claim by general contractor against regional transportation authority totaling more than $20 million dollars of cost overruns due to post contract federal requirements regarding lead paint abatement
- **Employment:** Successfully mediated thousands of claims of discrimination (age, disability, gender, national origin); hostile work environment; retaliation; wage & hour; FLSA, ADA; FMLA, state statues, whistleblower/False Claims Act; harassment; denial of long-term disability insurance; employment contract; denial of employment due to criminal background checks issued uder the FCRA
- **Environmental:** Claims by the USA and state against more than twenty defendants in major environmental Superfund case

- **Estates/Probate/Trusts:** breach of fiduciary duty by placing trust assets in underperforming proprietary funds
- **Insurance:** Mediated claims of bad faith, coverage, property damage, reinsurance, and subrogation; coverage disputes over damages sustained by commercial properties in the wake of Superstorm Sandy.
- **International:** dispute between two Mexican agribusinesses who claimed breach of warranty against the manufacturers of an anti-viral vaccine
- **Maritime/Admiralty:** multiple Jones Act cases; disputes between ship owners and insurers over cause of loss-mechanical failure or human error
- **Personal Injury:** Successfully mediated cases involving complex catastrophic personal injury and wrongful death, workplace injuries, nursing home negligence, product liability (including multiple defective medical device claims), motor vehicle, toxic torts, municipal and governmental tort liability, Dram shop/liquor liability, and premises liability
- **Professional Liability:** Mediated numerous cases involving legal malpractice, fee disputes, medical malpractice, chiropractic malpractice, accounting, executives, directors, and officers
- **Real Estate:** Partnership, joint venture, and contract disputes in major real estate development projects; disputes over real estate commissions; violation of franchise agreements
- **Securities:** Numerous individual and class actions involving claims of fraud; cases alleging breach of fiduciary duty by financial advisors and brokers; anticompetitive acts and practices as a part of an overall scheme to improperly maintain and extend monopoly power in the making for a pharmaceutical drug, causing the payment of overcharges
- **Sexual Abuse:** Successfully mediated settlements in numerous cases involving highly sensitive claims of sexual and physical abuse concerning adult and minor children and group/class action plaintiffs. Disputes included matters involving: alleged abuse at a prestigious boarding school; sex abuse leading to suicide of a college student; allegations of sexually charged hazing and misconduct in connection with university-sponsored sports teams; numerous cases involving sexual abuse claims against Archdioceses, Catholic and other religious schools, and nonsectarian private and public schools; disputes involving victims of incest and church officials; and matters regarding sex trafficking allegations against a major hotel chain
- **Sports/Entertainment:** Copyright and royalty claims by songwriters and artists against record producers and distributors; contract and breach of fiduciary duty claim by heavyweight boxing champion against a promoter; employment discrimination and contract claims by various employees against professional sports teams; personal injury claims brought by professional football players against NFL teams

Available nationwide ›

**Disclaimer**

This page is for general information purposes. JAMS makes no representations or warranties regarding its accuracy or completeness. Interested persons should conduct their own research regarding information on this website before deciding to use JAMS, including investigation and research of JAMS neutrals. See More