IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES ROBINSON**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**NATIONAL STUDENT CLEARINGHOUSE**,<br><br>*Defendant*. | No. 1:19-cv-10749-FDS<br><br>**FINAL APPROVAL ORDER** |

The Court having held a final approval hearing on July 7, 2020, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing (the "Notice Order") (Dkt. 25), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated January 3, 2020, including its exhibits (the "Agreement") (Dkt. 24-1), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order. The terms of this Court's Notice Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Notice Order:

Those individuals who, from April 18, 2014 to August 9, 2019, ordered a Degree Verification or Dates of Attendance service from NSC [National Student Clearinghouse] for the indicated purpose of "Verifying my own Record(s)" and who paid NSC more for that service than allowed at the time by the Fair Credit Reporting Act. Excluded from the Settlement Class are Class Counsel, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations among Robinson, Class Counsel and NSC.

4. The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section III.E. of the Agreement and in compliance with this Court's Notice Order.

5. The Court further finds and concludes that the Notice Program and Settlement Award distribution procedures set forth in Sections III.E and F of the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6. This Court hereby finds and concludes that the notice provided by NSC to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Agreement and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8.  The Court reserves jurisdiction over all matters arising out of the Agreement.

9.  This Court hereby dismisses the Action with prejudice, without fees or costs, except as expressly provided for in the Agreement.

10. Robinson and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Robinson and each and every one of the Settlement Class Members subject to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

11. Robinson and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by NSC, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding,

except for purposes of enforcing the terms and conditions of the Agreement, the Notice Order and/or this Final Approval Order.

13. If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14. In the event that any provision of the Agreement or this Final Approval Order is asserted by NSC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

5

15. The Court approves Class Counsel's application for attorneys' fees, costs and expenses in the amount of $750,000.00 and for a Service Award to Robinson in the amount of $7,500.00.

Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure and a dismissal of the Action. The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.

Entered: July 8, 2020

/s/ F. Dennis Saylor, IV
Hon. F. Dennis Saylor, IV
Chief Judge, United States District Court