UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES ROBINSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STUDENT CLEARINGHOUSE,<br><br>Defendant. | Civil Action No.<br>19-10749-FDS |

ORDER ON CLASS MEMBER'S MOTION FOR COURT APPROVAL
OF PAYMENT FOR FORGOING AN APPEAL

**SAYLOR, C.J.**

This is a consumer class action brought by plaintiff James Robinson on behalf of himself and other individuals who ordered reports verifying their post-secondary education from the National Student Clearinghouse ("NSC"). Plaintiffs alleged that NSC charged them excessive amounts for degree and attendance verification reports, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; the Massachusetts Credit Reporting Act ("MCRA"), Mass. Gen. Laws ch. 93 §§ 50-67; and the Massachusetts Consumer Protection Act ("MCPA"), Mass. Gen. Laws ch. 93A §§ 1-11.

The parties finalized and submitted a proposed settlement agreement on January 3, 2020. The settlement consisted of monetary relief for each class member; prospective relief (that is, NSC agreed to cease overcharging consumers for verification services and to provide one free verification to each class member); an award of $750,000 in attorneys' fees and costs; and a

service award of $7,500 to class representative James Robinson.

On January 21, 2020, the Court entered a notice order preliminarily approving the settlement and authorizing notice to class members of the terms of the proposed settlement and the opportunity to opt out, object, or participate.  One class member, Paul Camarena, timely filed an objection.

On July 7, 2020, the court conducted its final approval hearing.  Objector Camarena participated in the hearing and stated his objections, which in brief are as follows: (1) class counsel did not provide adequate notice to class members of statutory damages for willful violations of the FCRA; (2) the settlement amount per class member was too low; and (3) the attorneys' fees were unjustifiably high.  (*See* Class Member's Objections, Dkt. No. 29).  The court overruled his objections and on July 8, 2020, entered a final order approving the settlement and dismissing the case.

On August 3, 2020, Camarena moved for an order approving an agreement whereby class counsel would pay him $25,000 (to be paid out of counsel fees) in exchange for his forgoing of an appeal, pursuant to Fed. R. Civ. P. 23(e)(5)(B)(ii).  On August 7, 2020, he filed a notice of appeal, which divested this Court of jurisdiction.  However, pursuant to Rule 62.1, a court may address a timely motion for relief, even though a pending appeal has divested it of authority, by (1) deferring considering the motion, (2) denying the motion, or (3) stating either that it would grant the motion on remand or that the motion raises a substantial issue.  Fed. R. Civ. P. 62.1(a). On August 20, 2020, Camarena requested that this Court issue such an indicative ruling on his motion for approval of payment.

Fed. R. Civ. P. 23(e)(5)(B)(ii) provides that "unless approved by the court after a hearing, no payment . . . may be provided in connection with . . . forgoing, dismissing, or abandoning an

appeal from a judgment approving the proposal." In deciding whether to approve such a payment, a court must consider whether the proposed payment is legitimate compensation for the "assistance" that the objector provided to the court "in evaluating a [settlement] proposal under Rule 23(e)(2)," or whether the objections were improperly advanced for "personal gain . . . rather than assisting in the settlement-review process." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment (Subdivision (e)(5)(B)). The court must be cautious in situations where "allowing payment perpetuates a system that can encourage objections advanced for improper purposes." *Id.*

Under the circumstances, the Court declines to approve the payment of $25,000 to Camarena in return for forgoing or withdrawing his appeal. Other than the benefit of forgoing the expense of defending an appeal, Camarena has offered no evidence that such a payment would benefit the class members or any person other than himself. Such a large sum of money does not appear to reflect in any way the value of Camarena's objections to this Court's evaluation of the proposed settlement. Moreover, the proposed sum is grossly disproportionate as compared to the $7,500 service award to the class representative, James Robinson.

Accordingly, and for the foregoing reasons, the motion of class member Paul Camarena for approval of payment for forgoing an appeal is DENIED.

**So Ordered.**

Dated: August 26, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court