# United States Court of Appeals
## For the First Circuit

No. 20-1783

JAMES ROBINSON, on behalf of himself and all others similarly
situated,

Plaintiff, Appellee,

v.

NATIONAL STUDENT CLEARINGHOUSE,

Defendant, Appellee,

PAÚL CAMARENA,

Objector, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Anthony Francisco Cruz,* with whom Paúl Camarena and North &
Sedgwick L.L.C. were on brief, for appellant.
James A. Francis, with whom Stuart T. Rossman, Persis S. Yu,
National Consumer Law Center, and Francis Mailman Soumilas, P.C.,
were on brief, for appellee James Robinson.
Lisa M. Simonetti, with whom David G. Thomas and Greenberg

---

* On August 23, 2021, the Court granted leave for Anthony
Francisco Cruz, a law student, to participate in oral argument
pursuant to 1st Cir. R. 46.0(f)(1)(B).

Traurig, LLP were on brief, for appellee National Student
Clearinghouse.

---

September 17, 2021

---

LYNCH, **Circuit Judge**.  James Robinson filed a class action lawsuit against National Student Clearinghouse ("NSC").  He alleged that NSC violated the statutory requirements of the Fair Credit Reporting Act ("FCRA") by overcharging for self-verification reports of university degrees and dates of enrollment.  After mediation, the parties negotiated a class action settlement providing for a $1.9 million settlement fund, injunctive relief, and a free self-verification report for each class member.  Paúl Camarena, a class member, objected to the settlement agreement.  The district court heard Camarena's arguments at a fairness hearing, overruled his objections, and entered a Final Approval Order approving the class settlement.  See Robinson v. Nat'l Student Clearinghouse, No. 1:19-cv-10749, 2020 WL 4873728, at *1 (D. Mass. July 8, 2020).

Camarena appeals from that approval.  We affirm.

## I.

On April 18, 2019, Robinson filed a class action complaint on behalf of himself and similarly situated consumers against NSC in the United States District Court for the District of Massachusetts.  Robinson alleged that NSC violated federal and Massachusetts law by overcharging consumers for self-verification reports of their university degrees and dates of enrollment.  NSC charged $14.95 for self-verification reports and imposed an additional school surcharge for some consumers, depending on their

educational institution. Robinson alleged in part that NSC is a consumer reporting agency ("CRA") subject to the FCRA and that NSC violated 15 U.S.C. § 1681j(f) in charging him and other consumers more than the maximum allowable disclosure charge for their self-verification reports. The maximum allowable disclosure charge was $12.00 from 2015 to 2018 and $12.50 from 2019 to 2020. See Consumer Fin. Prot. Bureau, Fair Credit Reporting Act Disclosures, https://www.consumerfinance.gov/rules-policy/final-rules/fair-credit-reporting-act-disclosures/ (last visited Sept. 10, 2021). Robinson thus alleged that most consumers were overcharged by $2.95 or $2.45 per self-verification report.

On June 20, 2019, the parties filed a joint motion to stay proceedings pending the parties' attempt to resolve their dispute through mediation before the Honorable Diane M. Welsh (ret.). The district court granted the motion on June 23, 2019. Before the mediation, NSC provided informal discovery to class counsel, including the number of reports provided to class members and the amounts charged for the self-verification reports. Through mediation, the parties reached a settlement agreement that created a $1.9 million settlement fund to support cash payments to class members. Each class member would receive approximately $33.45 in cash from the settlement fund. The class settlement also negotiated prospective relief limiting NSC's charges moving

- 4 -

forward and provided each class member with one free self-verification report.

On January 21, 2020, the district court granted Robinson's motion for an order directing notice of the class action settlement. Notice was provided to approximately 35,839 individuals, including Camarena. On May 6, 2020, Camarena filed an objection to the settlement agreement. He objected to the representation by class counsel, the content of the notice provided to the class members, the sufficiency of the recovery for class members, and the attorneys' fees for class counsel. Camarena was the only class member to submit a timely objection, and no class member opted out of the settlement.

On July 7, 2020, the district court held a fairness hearing. At the fairness hearing, the district court heard Camarena's arguments and overruled his objections. The next day, the district court entered the Final Approval Order approving the class settlement. See Robinson, 2020 WL 4873728, at *1.

On August 7, 2020, Camarena filed a notice of appeal challenging the district court's Final Approval Order.

## II.

We review the district court's approval of the class settlement for abuse of discretion. See Bezdek v. Vibram USA, Inc., 809 F.3d 78, 82 (1st Cir. 2015). We review embedded legal issues de novo and factual findings for clear error. See id.

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Where "the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32-33 (1st Cir. 2009). The district court considers a "laundry list[] of factors" pertaining to the reasonableness of a class action settlement, but "the ultimate decision by the judge involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 44 (1st Cir. 2009). We have further explained that "the district court enjoys considerable range in approving or disapproving a class action settlement, given the generality of the standard and the need to balance [the settlement's] benefits and costs." Id. at 45.

Here, the district court did not abuse its discretion in approving the class settlement. The district court considered relevant factors and concluded that the class action settlement was "fair, reasonable, and adequate" under Rule 23(e)(2).

The district court considered that the settlement agreement was the product of arm's-length negotiation between class counsel and NSC in mediation before Judge Welsh. The

- 6 -

district court stayed its proceedings pending the parties' attempt to resolve their dispute through mediation. Before the mediation, NSC provided disclosures to class counsel, including the number of class members and the total amount of the alleged overcharge. The district court thus properly concluded that "the parties negotiated at arm's length and conducted sufficient discovery." In re Pharm. Indus., 588 F.3d at 32-33.

The district court also considered the litigation risks and legal uncertainty related to the litigation for both parties. Robinson's class action complaint raised an issue of first impression about whether an entity like NSC is a CRA regulated by the FCRA. The parties also disputed whether NSC's self-verification reports qualify as "consumer reports" under the FCRA. No court had yet ruled on whether an entity like NSC is subject to regulation under the FCRA.[1] The plaintiff class also encountered serious challenges related to proving "willfulness," a prerequisite for an award of statutory damages.[2] The district

---

[1] To date, NSC maintains that it is not subject to regulation under the FCRA.

[2] In Safeco Insurance Company of America v. Burr, the Supreme Court held that to obtain statutory damages under the FCRA, a plaintiff must demonstrate that a defendant knowingly violated the statute or acted with reckless disregard. 551 U.S. 47, 52, 56-57 (2007). The Supreme Court further held that if the defendant's interpretation of the statute is not "objectively unreasonable," there can be no finding of recklessness. Id. at 69-70.

court properly credited both parties' arguments that settlement was preferable to continued litigation given the litigation risks for both sides.

Camarena argues on appeal that the district court abused its discretion by ignoring his request to submit evidence that he paid more than $14.95 for his self-verification reports, the baseline amount indicated by class counsel and NSC in the settlement agreement. He argues that the district court could not have made an informed decision that the class settlement was fair and reasonable without considering evidence of his individual damages.

Camarena never made this objection or offer in his written objections to the settlement agreement. Nor did he supply a declaration with the evidence he wanted to provide. Camarena instead requested to supplement the record with his individual damages for the first time during the final fairness hearing. The district court did not abuse its discretion in declining this request that was not briefed and was raised for the first time in oral argument. We do not consider this undeveloped claim that was made in passing to the district court during oral argument. See McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991).[3]

---

[3]     Even had Camarena properly briefed and preserved this argument before the district court, the district court did not abuse its discretion in declining to consider Camarena's evidence of his own, individual damages. The district court was aware that

As to Camarena's argument that we should adopt the position that the district court must act as a full fiduciary in class actions, this argument too has been waived.  Camarena did not develop this argument before the district court, and no exceptional circumstances warrant consideration of this argument for the first time on appeal.  See United States v. Rodrigues, 850 F.3d 1, 13 n.6 (1st Cir. 2017); Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979).

**III.**

Affirmed.

---

NSC charged some class members more than the uniform $14.95 based on the school surcharge for certain institutions.  That some class members paid more than $14.95 was known to class counsel and Judge Welsh during the mediation and factored into the class settlement negotiations.  Camarena's proffered evidence that he, too, was charged more than $14.95 could not have affected the district court's determination that the class settlement was "fair, reasonable, and adequate."